## 30882. SHEPHERD et al. v. THE STATE.

HILL, Justice.

Weldon Shepherd and Lloyd W. Storey were tried and convicted by a jury of armed robbery of a service station in Bartow County. They raise two enumerations of error on appeal.

1. At trial the district attorney sought to introduce statements made by the defendants to an investigator for the sheriff's office. The trial judge excused the jury while he held a Jackson-Denno hearing. The investigating officer testified as to advising the defendants of their rights and the voluntariness of their statements. He was cross examined by defense counsel at length. Before concluding the cross examination, the following occurred: "Defense counsel: 'Just a second and let me confer with co-counsel.' (Confers with co-counsel.) 'I don't have anything further, Your Honor.' The Court: 'The court rules that the statements are preliminarily admissible. Let the jury come back in, they will be the final arbitrator as to whether they are or are not.' Defense Counsel: 'Your Honor, do you not care to hear from the Defendant?' The Court: 'I've listened very carefully to every word he has said and the Court has ruled that they are preliminarily admissible. The jury will have to finally determine. I'll charge and instruct them that in the final analysis, they will have to determine that.' Defense Counsel: 'Thank you, Your Honor.' (Jury returns)"

The defendants contend that they were denied their right to testify at the Jackson-Denno hearing, and that the trial judge erred in failing to make a specific finding of

voluntariness with unmistakable clarity, contrary to Sims v. Georgia, 385 U. S. 538 (87 SC 639, 17 LE2d 593) (1966).

The state urges, among other points, that the defense rested when counsel said "I don't have anything further, Your Honor," and that the statement "Your Honor, do you not care to hear from the Defendant?" indicates that defense counsel was asking if the court wanted to hear argument.

Without deciding these issues and assuming for purpose of decision that defense counsel said "Your Honor, do you not care to hear [testimony] from the Defendant(s)?," we find that the defense did not offer the defendants as witnesses.

Although a defendant has the right to testify at his Jackson-Denno hearing, the trial judge cannot call him as a witness. Code Ann. § 2-106. If the defendant wishes to testify, he should be "called" as a witness in the customary manner. A defendant is not "called" by an inquiry to the trial judge as to whether the court cares to hear testimony from the defendant.

The trial court's ruling as to admissibility satisfies the requirement of Sims v. Georgia, supra. *Schneider v. State,* 130 Ga. App. 3 (202 SE2d 238) (1973). We find no reversible error in defendants' first enumeration of error.

2. The defendants urge that the trial court's charge on the possible forms of verdict was erroneous and prejudicial in that it emphasized guilt as opposed to innocence and that it was not cured by the recharge given by the court.

At the conclusion of the charge the court instructed the jury that they could find one defendant guilty and the other not guilty, or both guilty, and that the jury could find one or both of them guilty of armed robbery or the lesser included offense of robbery by intimidation. As soon as the jury retired, defense counsel excepted to the charge because the court failed to charge that both defendants could be found not guilty. The jury was immediately brought back into the courtroom and charged that if the jury had reasonable doubt it would be its duty to find them both not guilty.

The defendants insist that the recharge was not

sufficient to correct such an oversight and that the court should have declared a mistrial.

We are not persuaded that the jury understood the initial charge to mean that they could not find both defendants not guilty. In any event, the judge corrected the omission in the charge as soon as it was brought to his attention and we find no reversible error.

*Judgment affirmed. All the Justices concur, except Ingram, J., who concurs in the judgment only.*

Submitted February 27, 1976 — Decided May 5, 1976.

*Warren Akin, Charles Crawford, William Morgan Akin,* for appellants.

*David N. Vaughan, Jr.,* District Attorney, *Arthur K. Bolton,* Attorney General, *Isaac Byrd,* for appellee.