## 59106. PARK v. THE STATE.

Sognier, Judge.

Park was convicted in the Superior Court of Glynn County of 30 counts of unlawful and wrongful appropriation of money belonging to Glynn County. On appeal, Park contends the trial court erred (1) by overruling her challenge to the constitutionality of Code Ann. § 38-801 (b) as applied to an ex parte hearing conducted outside the presence of the defense counsel; (2) by

denying her motion for severance; (3) by denying her motion for continuance; and (4) by denying her motion to suppress evidence obtained without a warrant and without consent.

1. In regard to the first enumeration of error, two accounting firms who would provide witnesses for the state were served by the defendant with subpoenas duces tecum. On Friday, July 8, 1978 at 5 p.m., motions to quash the subpoenas were heard ex parte as to one of the accounting firms, Schell and Hogan. The trial court ordered that the subpoena be quashed on the grounds that it was unreasonable, oppressive and sought privileged matters; however, the trial court entered its order subject to objection by the defendant. Appellant contends this was error. The same contention was made in *Piper v. Piper,* 139 Ga. App. 19 (227 SE2d 842) (1976) and decided adversely to appellant's contention. This court held "The ex parte granting of the stay of the subpoenas was also proper. Ga. L. 1966, p. 502 (Code Ann. § 38-801 (b)) provides: 'but the court, upon written motion made promptly and in any event *at or before the time specified in the subpoena* for compliance therewith, may (1) quash or modify the subpoena if it is unreasonable and oppressive, . . .' (Emphasis supplied.)" Id. at p. 20. In the instant case the judge qualified his order, making it "subject to objection," although there was no requirement to do so. Additionally, the trial judge held a pretrial hearing at which the motion to quash, granted at the ex parte proceeding, was considered. Accordingly, Enumeration 1 is without merit.

2. Enumeration 2 alleges error in the denial of a motion to sever. Appellant was tried on 30 counts of theft by taking, each count alleging a theft of funds from the clerk's office of the State Court of Glynn County. The thefts were from the same account, and accrued over a period of slightly more than two years. The case involved the same or similar crimes, and the same conduct and series of acts were connected, evidencing a single plan or scheme. Under such circumstances it is proper to try all offenses at one time, Code Ann. § 26-506 (b) and (c), and "severance in this particular kind of circumstance lies within the sound discretion of the trial judge . . ." *Dingler v. State,* 233 Ga. 462, 463 (211 SE2d 752) (1975). Thus, no error was committed by denial of the motion to sever.

3. In regard to denial of the motion for a continuance, "motions for continuances in criminal cases are addressed to the sound discretion of the trial judges . . ." *Hobbs v. State,* 8 Ga. App. 53, 56 (68 SE 515) (1910); Code Ann. § 81-1419. Accord, *Burney v. State,* 244 Ga. 33, 40 (257 SE2d 543) (1979). We find no abuse of discretion under the circumstances of this case, and it was not error to deny the motion for continuance.

4. In Enumeration 4 appellant contends the trial court erred in denying her motion to suppress evidence obtained as a result of an illegal search and seizure without a warrant. The enumeration is without merit, as no search was conducted by the police. The police went to appellant's apartment with an arrest warrant and placed her under arrest. Appellant had a "spell" and was taken to the hospital, accompanied by her husband. The police then asked appellant's 23-year-old daughter, who lived at the apartment, if she would mind looking to see if there were any documents in the apartment that belonged in the state court's office. The daughter consented and after looking around, produced the documents which were the subject of the motion to suppress and gave them to the police. Thus, there was no search and seizure by the police. Even assuming, for the sake of argument, that the police request constituted a search, the state "may show that permission to search was obtained from a third party who possessed common authority over or other sufficient relationship to the premises or effects sought to be inspected." United States v. Matlock, 415 U. S. 164, 171 (94 SC 988, 39 LE2d 242) (1974). Accord, *Peek v. State,* 239 Ga. 422 (2), 426 (238 SE2d 12) (1977), U. S. cert. denied, 439 U. S. 882; *Hall v. State,* 239 Ga. 832 (238 SE2d 912) (1977). Thus, no error was committed by denial of the motion.

*Judgment affirmed. Deen, C. J., and Birdsong, J., concur.*

Submitted January 10, 1980 — Decided April 15, 1980 —

*Lloyd Thompson, Jr.,* for appellant.

*Glenn Thomas, Jr., District Attorney, Amanda Williams, Assistant District Attorney,* for appellee.