## 59969. STONE v. THE STATE.

Quillian, Presiding Judge.
The defendant appeals his conviction of aggravated assault and simple battery. Held:
1. The defendant was charged with two counts of aggravated assault. The pertinent incidents, although of the same character, were not in any way related and occurred on two separate dates, to wit: August 15, 1979 and September 3, 1979. The defendant made a motion for severance which was denied.

This case is controlled by *Dingler v. State,* 233 Ga. 462 (211 SE2d 752) where the Supreme Court answered in the affirmative our certified question: " 'When two or more crimes are charged in separate counts in a single indictment, though committed at different times and places and involving transactions with different persons, and are of the same general nature or species, and the mode of trial is the same, is it mandatory that the trial judge, upon motion of defendant order separate trials for each of the crimes charged?' " It was error to refuse to sever the 2 counts for trial.

2. Error is assigned on the admission of defendant's confession. The defendant asserts the trial judge failed to effectively carry out a Jackson-Denno hearing by failing to make a finding as to whether the confession was voluntary and by not permitting the defendant to testify with regard to such fact.

The due process clause of the Fourteenth Amendment to the U. S. Constitution requires that the trial judge determine whether a confession is voluntary before permitting the jury to consider it. Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908). "[A] jury is not to hear a confession unless and until the trial judge has determined that it was freely and voluntarily given." Sims v. Georgia, 385 U. S. 538, 543 (87 SC 639, 17 LE2d 593).

In making this determination the defendant's testimony is relevant and such proof must be allowed if the defendant elects to

testify in this regard. *Shepherd v. State,* 236 Ga. 787, 788 (225 SE2d 312).

The trial judge erred in not making proper findings as to whether the confession was voluntary and also in not allowing the defendant to testify in regard to that issue.

3. In view of the ruling made in the first division of the opinion, the remaining enumerations of error are not likely to recur.

*Judgment reversed. Shulman and Carley, JJ., concur.*

Argued June 16, 1980 — Decided July 15, 1980.

*Terrence J. Paulk,* for appellant.
*Dewey Hayes, District Attorney,* for appellee.