## 60755. MOMENT v. THE STATE.

QUILLIAN, Chief Judge.

The defendant was indicted on two counts of robbery by intimidation of two named individuals on October 7, 1979, and on one count of armed robbery of another named individual on October 11, 1979. He was convicted on all three counts and appeals to this court where he contends the trial court erred in failing to sever, for purposes of trial, the counts of the indictment. *Held:*

The basic rule of *Dingler v. State,* 233 Ga. 462 (211 SE2d 752) is that severance is mandatory where offenses are joined solely on the ground that they are of the same or similar character. However, the exceptions expounded in *Dingler* and further articulated and expanded in subsequent cases are controlling here. As held in *Haisman v. State,* 242 Ga. 896, 900 (2) (252 SE2d 397) "Offenses may also be joined for trial when they are based (1) 'on the same conduct' or (2) 'on a series of acts connected together' or (3) on a series of acts 'constituting parts of a single scheme or plan.' § 1.1 (b). If offenses are joined for any of these three reasons, the defendant does not have an automatic right of severance..." See *Smith v. State,* 138 Ga. App. 226 (2) (225 SE2d 744); *Underwood v. State,* 144 Ga. App. 684 (2) (242 SE2d 339); *Askea v. State,* 153 Ga. App. 849 (2) (267 SE2d 279); *Park v. State,* 154 Ga. App. 348 (2) (268 SE2d 401); *Clemson v. State,* 239 Ga. 357, 359 (236 SE2d 663); *Wilson v. State,* 245 Ga. 49 (4) (262 SE2d

810).

*Stone v. State,* 155 Ga. App. 357 (271 SE2d 22) which deals with application of the basic rule of *Dingler,* 233 Ga. 462, supra, is not applicable to the case sub judice involving exceptions to that basic rule.

In *Williams v. State,* 150 Ga. App. 852, 854 (258 SE2d 659) this court considered a motion for severance of several counts of robbery by intimidation extended over a 45-day period and held: "The prime issue in the case was one of identity. The evidence of identity, though relating to different victims, was inextricably intertwined in all the various offenses charged. We conclude that it was not an abuse of discretion in the interest of justice for the trial court to refuse a motion for severance of the trial of the multiple charges where the crimes alleged were part of a continuous course of criminal conduct extending over a relatively short time, and from the nature of the entire course of conduct, it would be almost impossible to present to a jury evidence of one of the crimes without also permitting evidence of the others." We are therefore constrained to hold the trial judge did not abuse his discretion in permitting the separate charges contained in separate counts of the indictment to be tried together.

*Judgment affirmed. Shulman, P. J., and Carley, J., concur.*

DECIDED JANUARY 8, 1981 —

*Charles A. DeVaney,* for appellant.

*Richard E. Allen, District Attorney, W. Leon Barfield, Assistant District Attorney,* for appellee.