## 62872. PHILLIPS v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was indicted for burglary occurring November 28, 1979 (Count 1), and for aggravated assault "upon the person of . . . a Deputy with the Richmond County Sheriff's Department, with a certain shotgun, a deadly weapon," occurring on November 29, 1979 (Count 2). The defendant filed a plea in bar and in the alternative a motion to sever the offenses, setting forth as found by the trial court, that he was first indicted for the offense of aggravated assault and upon the trial thereof the jury was unable to reach a verdict and a mistrial was declared. Subsequently, the defendant was re-indicted for the aggravated assault previously tried and in addition a burglary count was added. The trial court made a determination that both the burglary and the aggravated assault charges constituted a series of connected or related events, hence do not constitute "the same conduct," and having discretion in deciding whether to sever the offenses the plea in bar was denied and the motion for severance of the offenses was likewise denied. The second trial was held, the jury finding defendant not guilty of burglary but guilty of aggravated assault, whereupon the defendant was sentenced to serve a term of 10 years. A motion for new trial was filed, heard and denied. Defendant appeals. *Held:*

1. The jury here has effectively severed the charges against the defendant by finding him not guilty of burglary, yet finding him guilty of the charge of aggravated assault. Whether or not there was merit in the motion to sever the offenses of burglary and aggravated assault because said offenses were not related or connected to each other, we are no longer faced with this issue inasmuch as the jury found him not guilty of burglary. Consequently, we find no need to reverse the judgment in order to try the case again as to the remaining count of aggravated assault where the jury has effectively wiped out the charge of burglary. In *Bell v. State,* 141 Ga. App. 277 (1) (233 SE2d

253), we held that no harm resulted to a defendant from the consolidation of charges "because the jury returned a verdict of not guilty on one of the indictments."

Yet, the evidence here was sufficient for the trial court to reject the motion to sever, there being evidence that the defendant's car was found at the scene of the burglary on November 28, 1979, containing carpeting apparently having been taken from the dwelling. There was also testimony that the defendant had asked a fellow employee to lie about the defendant's whereabouts on the evening of the offense and defendant reported his car as having been stolen, all of which would create an inference that the defendant had been attempting to fabricate an alibi defense to the burglary charge. Consequently, the evidence tending to show the defendant's commission of the burglary would have been admissible in a separate aggravated assault prosecution in order to show his motive for resisting arrest at which time the aggravated assault upon the police officer allegedly occurred. "The basic rule of *Dingler v. State,* 233 Ga. 462 (211 SE2d 752) is that severance is mandatory where offenses are joined solely on the ground that they are of the same or similar character. However, the exceptions expounded in *Dingler* and further articulated and expanded in subsequent cases are controlling here. As held in *Haisman v. State,* 242 Ga. 896, 900 (2) (252 SE2d 397), 'Offenses may also be joined for trial when they are based (1) "on the same conduct" or (2) "on a series of acts connected together" or (3) on a series of acts "constituting parts of a single scheme or plan." § 1.1(b). If offenses are joined for any of these three reasons, the defendant does not have an automatic right of severance . . .' See *Smith v. State,* 138 Ga. App. 226 (2) (225 SE2d 744). [Cits.]" *Moment v. State,* 157 Ga. App. 40 (276 SE2d 97). See also *Carter v. State,* 155 Ga. App. 840, 842 (2) (273 SE2d 417); *Davis v. State,* 158 Ga. App. 549 (1) (281 SE2d 305). Compare *Stone v. State,* 155 Ga. App. 357 (1) (271 SE2d 22). The trial court did not abuse its discretion in permitting these charges contained in separate counts of the indictment to be tried together.

2. The trial court did not err in allowing the prosecutor to argue that the aggravated assault occurred while the police officers were investigating the alleged burglary, inasmuch as the evidence disclosed that the defendant was a suspect in the burglary charge (by reason of defendant's automobile being found at the scene) and the officers came to the defendant's residence to arrest him. Clearly counsel may argue the evidence or a reasonable deduction therefrom. There is no merit in this complaint. *Ferrell v. State,* 149 Ga. App. 405, 408-409 (10) (254 SE2d 404); *Flynt v. State,* 153 Ga. App. 232, 243 (2) (264 SE2d 669).

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED NOVEMBER 10, 1981.

*Fred M. Kennedy,* for appellant.
*Sam Sibley, Jr., District Attorney,* for appellee.