## 71434. JACKSON v. THE STATE.
(341 SE2d 511)

BENHAM, Judge.

Appellant was charged with various sales of marijuana in five indictments containing a total of nine counts. He was acquitted of the charges in two single-count indictments and found guilty of the remaining seven counts. On appeal he sets forth as error the denial of his motion to sever the offenses and the admission of certain testimony.

1. Six of the seven counts of which appellant was convicted were sales of marijuana by appellant to undercover agents. The seventh involved a sale of marijuana witnessed by a plainclothes officer. Appellant sold the contraband in manila coin envelopes and, in six of the seven counts, the transaction took place on a certain street in Albany while the purchaser remained seated in his automobile. In the seventh incident, the undercover purchaser met appellant at the latter's home and accompanied him to the home of appellant's mother, where the contraband sale took place. The seven sales took place over a four and a half month period, and six of them occurred during "a long-term undercover operation."

"Where criminal offenses are joined solely on the ground that they are of the same or similar character, the defendant has a right to have the offenses severed. [Cit.] However, where the offenses are so similar that they show a common scheme or plan or have an identical modus operandi, severance is discretionary with the trial court." *Mack v. State*, 163 Ga. App. 778 (1) (296 SE2d 115) (1982). In the present case, six of the seven cases made against appellant had site and modus operandi in common. The seventh count, however, took place elsewhere and did not entail a curbside sale while the purchaser remained in his car. While the trial court did not abuse its discretion in refusing to sever the six counts which reflect a certain place and method of operation, the seventh count, which has as its only connection to the other counts the sale of marijuana in a manila envelope, should have been severed upon appellant's request. *Dingler v. State*, 233 Ga. 462 (211 SE2d 752) (1975). Inasmuch as it appears highly probable that the inclusion of evidence concerning the seventh count did not contribute to the guilty verdicts rendered in the six remaining counts, the judgments imposed on those verdicts are affirmed. However, it cannot be said that it is highly probable that the evidence admitted concerning the six counts did not contribute to the verdict reached on the one count which should have been severed. See *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976). Therefore, we are compelled to reverse appellant's conviction for the sale of marijuana at his mother's home. (Indictment No. 84-R-498.) See *Davis v. State*, 159 Ga. App. 356 (1) (283 SE2d 286) (1981); *Stone v. State*, 155 Ga.

App. 357 (1) (271 SE2d 22) (1980).

2. At trial, two witnesses stated that certain exhibits were marijuana. Appellant objected on the ground that no foundation had been laid for either witness to reach that conclusion. Each witness amended his testimony to state that he believed the material to be marijuana, based upon his experience. Whether such testimony was harmful error was rendered moot by the testimony of State Crime Lab chemists whose tests on the material were positive for marijuana.

3. Finally, appellant asserts that the testimony of a witness should have been excluded after the witness stated that appellant "looked like" the man who sold him marijuana. Since the police officer who observed the sale positively identified appellant as the seller, the witness's inability to positively identify appellant as the seller is not reversible error.

*Judgment affirmed in part and reversed in part. Banke, C. J., concurs. McMurray, P. J., concurs in the judgment only.*

DECIDED FEBRUARY 19, 1986.

*Donald E. Strickland*, for appellant.
*Hobart M. Hind, District Attorney*, for appellee.