### 11322. FOWLER *v.* THE STATE.

BROYLES, C. J. 1. The indictment was not subject to any ground of the demurrer interposed.

2. In the light of all the facts of the case, the excerpt from the charge of the court complained of, while inaccurate, does not require a new trial.

3. The evidence amply authorized the verdict, and the court did not err in refusing to grant a new trial.

> *Judgment affirmed. Luke and Bloodworth, JJ., concur.*
> DECIDED MAY 11, 1920.

Indictment for receiving stolen goods; from Warren superior court — Judge Walker. January 27, 1920.

The indictment charged Richard Fowler with " the offense of misdemeanor," for that, on a specified date, he " did unlawfully buy and receive from Jim Griffin one sack of nitrate of soda weighing about 200 pounds of the value of $10, the same being the property of C. R. Fitzpatrick and having been unlawfully stolen by said Jim Griffin from the cotton house of said C. R. Fitzpatrick, the said Richard Fowler knowing said nitrate of soda was stolen when he bought and received it from said Jim Griffin. The said Jim Griffin, the principal thief, has plead guilty at the present term of said court to an indictment for simple larceny, charging him with stealing said property, contrary to the laws of said State," etc.

The grounds of the demurrer were:

" 1st. Because it is alleged in said indictment that Jim Griffin

unlawfully stole the sack of nitrate of soda from the cotton house of C. R. Fitzpatrick, and further . . that the said Jim Griffin has plead guilty of simple larceny. 2d. Because the allegations in said indictment show that the said Jim Griffin stole the sack of nitrate of soda from the cotton house of the said C. R. Fitzpatrick, and if he, Jim Griffin, is guilty of simple larceny, he is guilty of larceny from the house, and not of simple larceny, of which he pleads guilty. 3d. Because under the allegations in the indictment it appears that the said Jim Griffin has been illegally convicted, and this defendant can not be legally tried until the principal thief, Jim Griffin, has been legally convicted. 4th. Because there is not sufficient description of the property alleged to have been stolen set out in the indictment. 5th. Because 'one sack of nitrate of soda weighing about 200 pounds' is not a sufficient description to put this defendant on notice of the property alleged to have been stolen. 6th. Because the indictment does not allege that any sentence has been passed on Jim Griffin."

The excerpt from the charge of the court to which the decision refers was as follows: "I charge you that if Jim Griffin had taken the nitrate of soda and appropriated the same to his own use after it was delivered to him in his wagon at the depot in Warrenton and before it was placed in Mr. Fitzpatrick's cotton house or guano house on his plantation, he would be guilty of larceny after trust, but if he took it home with him and delivered it in the cotton house, and after it was so delivered in the house on Mr. Fitzpatrick's plantation he took it out of the house, then in that event he would be guilty of simple larceny or larceny from the house, and would not be guilty of larceny after trust."

*E. P. Davis, J. Cecil Davis,* for plaintiff in error.

*R. C. Norman, solicitor-general, M. L. Fells,* contra.