## 44369. DAVIS v. THE STATE.

DEEN, Judge. 1. An indictment charging the defendant in Count 1 with buying from one Stuart Lee Moody (who had previously pleaded guilty to burglary in this connection) 25 cartons of cigarettes of the value of $75 and 6 boxes of cigars of the value of $18, the property of J. T. Allen and having been stolen by Moody from Allen's storehouse, which the defendant knew to have been stolen at the time he bought and received them, is a sufficient indictment as against a demurrer based on the insufficiency of the description of the property stolen. *Fowler v. State,* 25 Ga. App. 297 (1) (103 SE 264).

2. Moody and Ward, the principal thieves, testified as to the stealing and sale by Moody to Davis of the tobacco products charged in Count 1, an adding machine charged in Count 2, and also a third sale to Davis of cigars and cigarettes stolen from another owner and sold to Davis at another time. Objections to this testimony were urged on the ground that it placed the defendant's character in issue by proof of a distinct criminal transaction for which he was not on trial. "The gist of the offense is the actual state of the defendant's mind when he purchases the property." *Von Sprecken v. State,* 70 Ga. App. 222, 225 (28 SE2d 341). A prime exception to the other-transactions rule is where the evidence offered has probative value as to the guilty knowledge of the accused. *Martin v. State,* 10 Ga. App. 795 (2) (74 SE 304); *Bates v. State,* 18 Ga. App. 718, 720 (90 SE 481). Where the defendant contends that he did not know and had no reason to apprehend that the cigars and cigarettes sold him by a person not regularly in the business of selling were in fact stolen, the State would normally be allowed to show that the purchase was not an isolated transaction but one of a series of sales as bearing on the defendant's guilty or innocent intent in dealing with him. This evidence shows no ground for reversal.

3. The court correctly charged the jury on the form of its verdict, first as to Count 1 and secondly as to Count 2 of the indictment. Without designating the counts by name, however, the jury returned the following: "We, the jury, find the defendant guilty with sentence of 2 years charged as a misdemeanor. Not guilty." Upon this verdict the court, disregarding the misdemeanor recommendation, sentenced the defendant to 2 years. *Code* § 110-105 provides: "Verdicts shall have a reasonable intendment, and shall receive a reasonable construction, and shall not be avoided unless from necessity." So construed, the verdict can only mean that the defendant was found guilty as to the first count of the indictment and acquitted as to the second. It is not so vague and ambiguous as to be unenforceable.

*Judgment affirmed. Bell, P. J., and Eberhardt, J., concur.*

Submitted April 9, 1969—Decided May 1, 1969—
Rehearing denied May 22, 1969.

742

 

*Ketzky & Hipp, Loeb C. Ketzky, Ben R. Freeman,* for appellant.