### 46195. BERRY v. THE STATE.

DEEN, Judge. 1. "One may be legally convicted of a felony other than treason or perjury where the only evidence directly connecting him with the offense charged is the testimony of an accomplice, and where the only corroboration is the testimony of other accomplices." *Pope v. State,* 171 Ga. 655 (156 SE 599); *Park v. State,* 224 Ga. 467, 476 (162 SE2d 359).

2. Where two witnesses swear to the same state of facts, the fact that they are accomplices or are not accomplices, or that one is an accomplice and the other not an accomplice of the defendant, does not require a charge by the court on the necessity for corroborating the testimony of an accomplice where there is no request to so charge. *Wilson v. State,* 51 Ga. App. 570 (1) (181 SE 134).

3. An indictment charging the defendant with theft by receiving stolen goods which alleged that he received seven Bradford portable color television sets, the property of W. T. Grant & Company, knowing them to have been stolen, sufficiently describes the property which is the subject matter of the illegal

transaction. *Davis v. State,* 119 Ga. App. 740 (1) (168 SE2d 784).

4. The defendant was tried on an indictment charging theft by receiving stolen goods. At the conclusion of the cross examination of the witness Norman, counsel moved to strike all his testimony relating to what was stolen as a conclusion because it was shown that the identification of the missing property was prepared from a written list. The testimony to which reference was made was apparently that the employees at the W. T. Grant Company store kept a perpetual running inventory; that they checked their records to arrive at the inventory in the store the day before the burglary, the merchandise sold on that day, and the items in the store when they discovered the burglary insofar as televisions, stereos, guns, cameras and that type of merchandise was concerned but not small miscellaneous items. Referring to the list made at the time, the witness then described a number of television sets and cameras found to be missing. All of the stolen merchandise was taken from the demonstration areas, none from the stockroom. Some of the items, including television sets, were recovered from the burglars.

The fact that the witness necessarily had to compare the list of items remaining in the showroom after the burglary with the perpetual inventory and the "user book" showing sales during the day did not render his testimony inadmissible as a conclusion. Once admitted, the credit to be given it was a jury question. The motion to strike was properly denied.

5. The defendant was convicted on the testimony of two of the principal thieves, who testified that they burglarized the store in question, removed the television sets, and sold some of them to defendant in three different transactions. From what has been said in the preceding headnotes it follows that this testimony, corroborated in part by other evidence as to the corpus delicti, was sufficient to sustain the conviction under *Code Ann.* § 26-1806. There is no need to decide the question posed as to whether one who is in fact a principal thief should also be considered an accomplice of one who receives the stolen goods if (a) the principal thief "disposes of" the stolen property to the

receiver and (b) the receiver had advance knowledge that the thief intended to steal the specific property for the purpose of selling it to him.

*Judgment affirmed. Bell, C. J., and Pannell, J., concur.*
ARGUED MAY 3, 1971—DECIDED JUNE 14, 1971.

*Russo & Russo, Michael L. Russo,* for appellant.
*Richard Bell, District Attorney, Eugene Highsmith,* for appellee.