67416. CRAIG v. THE STATE.

SHULMAN, Presiding Judge.

Appellant was convicted of theft by receiving stolen property (OCGA § 16-8-7), consisting of a computer, its printer, and a clock. In his appeal, appellant questions the sufficiency of the evidence and several of the evidentiary rulings made by the trial court.

1. The items were taken during a burglary of a Statesboro, Georgia, business. The computer components were recovered in Miami, Florida, and the clock was found when police searched the

home of appellant's girl friend. The owner of the stolen goods identified the recovered items as the ones taken from his office. He estimated the value of the computer and printer at $12,500. A witness for the state testified that he had rented a car for appellant after appellant's car, a Mercury Cougar, experienced mechanical difficulties. The witness identified the recovered computer components as those he had helped appellant transport from the Cougar to the leased automobile. Appellant's co-indictee stated that he drove with appellant to Miami to sell the computer. After a business in Miami declined to purchase the goods, appellant sold the unit to an individual for $100, and appellant and the witness returned to Georgia. A police detective testified that the burglarized business reported to him that it had received a telephonic inquiry about the computer from a Miami business, and Miami police alerted the Georgia authorities to the type of car the unsuccessful sellers were driving. The police traced the car to the rental agency and found a specialized computer electrical cord in the car when they searched it. A search of the Mercury Cougar appellant had originally been driving uncovered a paper feeder, which was identified as an accessory to the stolen computer, and a cable strand which matched the computer's specialized electrical cord. Appellant testified, denying any knowledge of the computer or of a trip to Miami, and stated that his co-indictee had given him the clock.

" 'A person commits theft by receiving stolen property when he receives, disposes of, or *retains* stolen property which he knows or should know was stolen unless the property is received, disposed of, or retained with intent to restore it to the owner.' (Emphasis supplied.) [OCGA § 16-8-7 (a).] 'Knowledge that the goods are stolen is an essential element of the crime. This guilty knowledge may be inferred from circumstances which would excite suspicion in the mind of an ordinary prudent man. [Cits.]' [Cit.] ' "Unexplained possession of recently stolen goods can be used in conjunction with other evidence to infer guilty knowledge." [Cit.]' [Cit.] Whether appellant's explanation of his possession was reasonable or satisfactory was a question for the jury. [Cit.]" *Pruiett v. State*, 159 Ga. App. 396, 397 (283 SE2d 625).

From the testimony elicited at trial, there is sufficient evidence to support the state's contention that appellant came into possession of the stolen computer and that he and his co-indictee had gone to Miami with no intention of ever returning it to the owner, but rather to attempt to sell the computer. We hold that the jury could infer from the foregoing evidence that appellant knew or should have known that the computer he transported to Miami in the trunk of his rented car and which he eventually sold for $100 was in fact stolen. Therefore, the evidence elicited at trial authorized a rational trier of fact to find appellant guilty as charged beyond a reasonable doubt.

Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Berry v. State*, 124 Ga. App. 31 (5) (183 SE2d 48).

2. The state called a shopkeeper who testified that he saw appellant and another man park their car in front of his store. He further testified that the unidentified man came into his store and offered to sell him a computer. Appellant objected to this testimony on the ground that the witness was not included in the list of witnesses given appellant by the state. OCGA § 17-7-110 provides, in pertinent part: "Without the consent of the defendant, no witness shall be permitted to testify for the state whose name does not appear on the list of witnesses as furnished to the defendant unless the prosecuting attorney shall state in his place that the evidence sought to be presented is newly discovered evidence which the state was not aware of at the time of its furnishing the defendant with a list of the witnesses." In the present case, the prosecuting attorney stated in his place that he had learned of the existence of the witness and his connection with the case just before calling the witness to testify, and that he had at that time informed appellant's counsel of the newly discovered witness. "This was sufficient to meet the requirements of [OCGA § 17-7-110] exception to consent of the defendant. [Cits.]" *Ferrell v. State*, 149 Ga. App. 405 (6) (254 SE2d 404).

3. At trial, a detective for the Statesboro Police Department was allowed, over objection, to testify to the contents of the telephone conversation he had had with an employee of the burglarized company concerning the telephonic inquiry the company had received from Miami about the computer. Appellant contended that the testimony was inadmissible hearsay but the trial court allowed the testimony for the purpose of explaining the detective's subsequent investigatory actions. "When, in a legal investigation, information, conversations, letters and replies, and similar evidence are facts to explain conduct and ascertain motives, they shall be admitted in evidence not as hearsay but as original evidence." OCGA § 24-3-2. Since the detective's actions in recovering the stolen computer from Miami were "relevant to the issues on trial" as required by *Momon v. State*, 249 Ga. 865, 867 (294 SE2d 482), the testimony was not hearsay, but was admissible as original evidence to explain his conduct. *Cheney v. State*, 167 Ga. App. 757, 758 (307 SE2d 288). See also *Atlanta Gas Light Co. v. Slaton*, 117 Ga. App. 317 (2) (160 SE2d 414). Therefore, appellant's enumeration of error is without merit.

4. Appellant argues that the state failed to prove that he knew the clock found in his girl friend's house was stolen. Furthermore, appellant contends that the trial court erred in failing to include in its charge to the jury an instruction on the "equal access" rule of possession of goods.

We need not consider this enumeration of error, because even if

appellant's contentions were meritorious, the fact that the jury was authorized to conclude that he was guilty of receiving stolen goods with regard to the computer renders harmless any error pertaining to the clock.

*Judgment affirmed. McMurray, C. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 27, 1984.

*Robert S. Lanier, Jr.*, for appellant.
*J. Lane Johnston, District Attorney, M. Allen Price, Assistant District Attorney*, for appellee.