A94A2042. SMITH v. THE STATE.
(452 SE2d 526)

McMURRAY, Presiding Judge.

Defendant Smith was charged by indictment with the offenses of armed robbery and kidnapping. The jury returned a verdict, on the armed robbery charge of guilty of the lesser included offense of robbery by intimidation, and of guilty of kidnapping. Defendant appeals his conviction of the offenses of robbery by intimidation and kidnapping. *Held:*

1. Defendant contends the trial court erred in allowing the testimony of a witness, whose name was not provided to defendant in response to his demand for a list of witnesses until one day before trial and after voir dire of the jury, to be presented by the State at trial. In *Bentley v. State,* 210 Ga. App. 862, 863 (2) (438 SE2d 110), this court reiterated the rule that in order for a witness to testify, who does not appear on a list furnished to defendant in response to a demand pursuant to OCGA § 17-7-110, the prosecuting attorney must state in his or her place that the evidence sought to be presented is newly discovered evidence which the State was not aware of at the time of furnishing the demanded list. In the case sub judice, the prosecuting attorney made such a statement in his place and related that he informed defense counsel of the name and telephone number of the witness on the morning following the night he received that information. On appeal, defendant questions for the first time whether the testimony of this witness was actually newly discovered evidence. The prosecutor's

statement that the evidence was newly discovered was not challenged below, therefore the trial court did not err in allowing this witness to testify. *Craig v. State*, 170 Ga. App. 6, 8 (2) (316 SE2d 18); *Stewart v. State*, 163 Ga. App. 735, 738 (2) (295 SE2d 112); *Smith v. State*, 142 Ga. App. 1, 4 (5) (234 SE2d 816).

2. Defendant's second and third enumerations of error bring into issue the sufficiency of the evidence of defendant's guilt. The second enumeration of error challenges the denial of defendant's motion for directed verdict. The fourth enumeration of error questions whether the issue of armed robbery was properly submitted to the jury, therefore we must resolve, along with other issues, the question of whether the evidence was sufficient to authorize conviction of the armed robbery charge of which defendant was in fact acquitted via the conviction of the lesser included offense. The fifth enumeration of error contends there was not sufficient evidence to authorize the charge on robbery by intimidation. The sixth enumeration of error questions whether the evidence in regard to the kidnapping offense was sufficient to authorize a charge on this issue.

The victim was approached by the defendant, with whom he was not previously acquainted, at a gasoline station. Defendant asked that the victim give him a ride to a bar. The victim agreed to give defendant a lift to Rufus's Lounge. After they drove away from the station, defendant asked if the victim would take him to Savannah. The victim refused, and defendant then put his hand under his shirt, told the victim he had a gun and that they were going to Savannah. The victim never actually saw a gun or other weapon. While he saw an object through defendant's shirt that looked like a pistol or small handgun, the victim acknowledged that he could not say that it was not merely defendant's hand. The victim testified that he felt apprehension that defendant would kill him as he then drove towards Savannah. Thereafter, the defendant announced his conclusion that the victim was drunk and ordered the victim to pull over so that he could drive. The victim stopped the car and was ordered out of the car. When he got out of the car, the victim started running away but the defendant caught him and dragged him back to the car. Defendant put the victim in the passenger seat and told him that he would kill him if he got out again. Defendant drove some distance down the road and pulled over at a store. Defendant took the ignition key and went into the store. The victim exited the car and ran away, this time successfully escaping. When the victim returned to the store with police his car was gone.

In regard to the armed robbery charge, defendant relies upon the fact that the victim did not actually see a weapon and argues that his acts did not create a reasonable apprehension on the part of the victim that an offensive weapon was being used. *Johnson v. State*, 195

Ga. App. 56, 57 (1) (392 SE2d 280). "While the presence of a weapon during the commission of a robbery may be established without proof that the weapon was actually seen, ' "(s)ome physical manifestation of a weapon is required, . . . or some evidence from which the presence of a weapon may be inferred." ' *Hughes v. State*, 185 Ga. App. 40, 41 (363 SE2d 336) (1987), quoting *People v. Coleman*, 128 Ill. App. 3d 538 (2) (470 NE2d 1277) (1984)." *Tate v. State*, 191 Ga. App. 727, 728 (2) (382 SE2d 688). In the case sub judice, defendant's statement that he had a gun, the accompanying threats, the victim's testimony that the object in defendant's shirt looked like a handgun, and the victim's testimony as to his apprehension that he might be killed, amounted to sufficient evidence that he felt a reasonable apprehension that an offensive weapon was being used by defendant. *Moody v. State*, 258 Ga. 818, 819 (375 SE2d 30); *Smith v. State*, 209 Ga. App. 540, 541 (2) (433 SE2d 694); *Howard v. State*, 201 Ga. App. 164 (1), 166 (410 SE2d 782).

The property taken in the robbery offense was the victim's car. Defendant also contends that there is not sufficient evidence that he took the car. While direct evidence on this point may be lacking, there is sufficient circumstantial evidence to authorize a jury to conclude beyond a reasonable doubt that the car was taken by defendant. Defendant had assumed control of the car, was driving when the car arrived at the store, and had the keys to the car when the victim ran away from the store where the car was parked.

Defendant also challenges the sufficiency of the evidence concerning the kidnapping offense. Much of defendant's argument in regard to this offense relates to the credibility of the victim's testimony, an issue for determination by the jury. Defendant's argument that the victim was never forced to go anywhere he had not agreed to go is most clearly refuted by the evidence that the victim was forcibly dragged back to the car and threatened with death the first time he attempted to escape.

Finally, there was sufficient evidence supporting the conviction of defendant of the offense of robbery by intimidation. A conviction for robbery by intimidation is authorized where the theft is attended with conduct of the defendant, such as by word or gesture, which in common experience is likely to create apprehension of danger and induce a person to part with his property for the safety of his person. *Johnson v. State*, 195 Ga. App. 56, 58 (1), supra. The evidence adduced in the case sub judice was sufficient to satisfy this requirement.

We find the evidence sufficient under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) to authorize defendant's conviction on both charges of which he was convicted, and on the armed robbery charge of which he was acquitted. Therefore, the trial court did not err in denying defendant's motion

for directed verdict and did not err in charging the jury on the offenses of armed robbery, robbery by intimidation, and kidnapping.

3. The fifth enumeration of error also contends that the charge on robbery by intimidation, the pattern charge found in paragraph 4, page 117, Volume II, Criminal Cases, Second Edition of the Suggested Pattern Jury Instructions of the Council of Superior Court Judges of Georgia, was incomplete in that it should have indicated that one could be convicted of this offense only if "the accused acted in such a way that in common experience the victim would apprehend danger and feel compelled to hand over his property" or in other words where the trier of fact "believed the victim's fears to be consistent with those of anyone in similar circumstances." However, this suggestion that a reasonable man standard of some sort must be applied in order to permit conviction is not supported in the case law. A conviction is authorized by the actual apprehension of danger on the part of the victim. The relevance of a reasonable man standard occurs only where the law presumes actual apprehension of danger from evidence that there was just ground for it. Thus, omission of a reference to a reasonable man standard for determining apprehension of danger made the charge complained of more advantageous to defendant than required. *Long v. State*, 12 Ga. 293, 321 (13).

4. In his sixth enumeration of error, defendant raises several issues concerning the charge to the jury on kidnapping. The initial question of whether the evidence warranted submitting this issue to the jury is addressed in the second division of this opinion. The remaining arguments are addressed to the trial court's supplemental charge and recharge on kidnapping.

After the initial charge was completed, the prosecuting attorney noted that the trial court had omitted a portion of the intended charge on kidnapping and the jury was recalled to permit these additional instructions. Later, in response to their request, the jury was recharged on the initial instructions concerning kidnapping. All of these instructions were correct statements of law and adjusted to the evidence at trial. We reject defendant's argument that this sequence of events or any portion of the instructions resulted in any theory being overemphasized or confused. This enumeration of error is without merit.

5. The trial court did not err in giving an unsolicited *Allen* instruction or "dynamite charge." Defendant's suggestion that the *Allen* charge was premature because the jury had not indicated that it was deadlocked is an incorrect statement of law. *Kilpatrick v. State*, 255 Ga. 344, 345 (1) (338 SE2d 274).

Nor is there any indication that the trial court abused its discretion in giving the *Allen* charge after the jury had deliberated only one hour and fifteen minutes. The trial court's inquiry disclosed that the

jury was divided, ten to two, and the jury deliberated for over three hours after the *Allen* charge before returning a verdict. The length of deliberation after the *Allen* charge supports the trial court's decision. Id. at 345 (1).

Also, there was no error in the *Allen* charge's reference to the expenses incurred by the parties in trying the case. The language in this regard which defendant complains of was approved in *Blige v. State*, 205 Ga. App. 133, 134 (1) (421 SE2d 547).

Finally, we do not find the reference in the *Allen* charge to the "considerable period of time" which the jury had already deliberated to be unduly coercive. This phrase served to simply explain the reason for the trial court's decision to give the *Allen* charge.

*Judgment affirmed. Pope, C. J., and Smith, J., concur.*

DECIDED DECEMBER 1, 1994 —
RECONSIDERATION DENIED DECEMBER 16, 1994 —

*Duffy & Feemster, Dwight T. Feemster,* for appellant.
*Dupont K. Cheney, District Attorney, Michael T. Muldrew, Assistant District Attorney,* for appellee.

