## 29365. DINGLER v. THE STATE.

HALL, Justice.

The Court of Appeals has certified the following question: "When two or more crimes are charged in separate counts in a single indictment, though committed at different times and places and involving transactions with different persons, and are of the same general nature or species, and the mode of trial is the same, is it mandatory that the trial judge, upon motion of defendant, order separate trials for each of the crimes charged?"

The problem is well-stated in ABA Standards Relating to the Administration of Criminal Justice, p. 285 (1974): "The interests which so often come into conflict in this area are those which commonly clash in the field of criminal procedure . . . the expeditious handling of criminal cases without excessive demands on prosecutorial and judicial resources and the protection of defendants from the risk of prejudicial and unfair

treatment. The traditional rationale for joinder of offenses and of defendants is that of conserving the time lost in duplicating the efforts of the prosecuting attorney, and possibly his witnesses, and of judges and court officials. Severance, on the other hand is typically sought on the ground that a unified disposition of several charges or several defendants would put those proceeded against at an unfair disadvantage, due to confusion of law and evidence by the trier of the fact and the 'smear' effect such confusion can produce."

The Criminal Code of Georgia has one provision on this subject: "If the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution except . . . the court in the interest of justice may order that one or more of such charges be tried separately." Code Ann. § 26-506 (b) and (c). Necessarily, then, severance in this particular kind of circumstance lies within the sound discretion of the trial judge since the facts in each case are likely to be unique.

The ABA Standards on Joinder of Offenses provides: "Two or more offenses may be joined in one charge, with each offense stated in a separate count, when the offenses, whether felonies or misdemeanors or both: (a) are of the same or similar character, even if not part of a single scheme or plan; or (b) are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan." ABA Standards, supra, p. 289. On severance, the standards provide: "(a) Whenever two or more offenses have been joined for trial solely on the ground that they are of the same or similar character, the defendant shall have a right to a severance of the offenses. (b) The court, on application of the prosecuting attorney, or on application of the defendant other than under subsection (a), should grant a severance of offenses whenever: (i) if before trial, it is deemed appropriate to promote a fair determination of the defendant's guilt or innocence of each offense; or (ii) if during trial upon consent of the defendant, it is deemed necessary to achieve a fair determination of the defendant's guilt or innocence of each offense. The court should consider whether in view

of the number of offenses charged and the complexity of the evidence to be offered, the trier of fact will be able to distinguish the evidence and apply the law intelligently as to each offense." ABA Standards, supra, p. 291. The right of severance where the offenses are joined solely on the ground that they are of the same or similar character is "because of the great risk of prejudice from a joint disposition of unrelated charges." ABA Standards, supra, p. 288. These Standards are to a large measure a definitive statement of the Georgia law and are hereby adopted by this court. See *Booker v. State,* 231 Ga. 598 (203 SE2d 194); *Wingfield v. State,* 231 Ga. 92, 98 (200 SE2d 708); *Stull v. State,* 230 Ga. 99 (5) (196 SE2d 7). The holding in *Davis v. State,* 57 Ga. 66, that a felony and a misdemeanor count cannot be joined in the same indictment is overruled.

The certified question is answered in the affirmative where the offenses have been joined solely on the ground that they are of the same or similar character.

*Question answered in the affirmative. All the Justices concur. Hill, J., not participating.*

Submitted November 8, 1974 — Decided January 8, 1975.

*Gammon & Anderson, Joseph N. Anderson,* for appellant.

*John T. Perren, District Attorney,* for appellee.