## 72549. DAVIS v. THE STATE.
### (348 SE2d 730)

SOGNIER, Judge.

Appellant was convicted of two counts of rape, and he appeals.

1. Appellant contends the trial court erred by not granting his motion to sever the first charge of rape from the second rape and kidnapping charges. Appellant contends that under the decision in *Dingler v. State*, 233 Ga. 462 (211 SE2d 752) (1975), it is mandatory that the trial judge, upon motion of the defendant, order separate trials when the offenses are joined solely on the ground that they are of the same or similar character.

In the instant case the first rape charged against appellant occurred on February 20, 1985 in his brother's home. The second rape charged against appellant occurred on June 4, 1985 in an area behind the victim's home. Two different victims were involved and the rapes were unrelated in time or place. In *Dingler*, supra, our Supreme Court adopted the American Bar Association Standards on Joinder of Offenses. Those standards provide: "Two or more offenses may be joined in one charge, with each offense stated in a separate count,

when the offenses, whether felonies or misdemeanors or both: (a) are of the same or similar character, even if not part of a single scheme or plan; or (b) are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan." ABA Standards Relating to the Administration of Criminal Justice, p. 289 (1974). On severance, the Standards provide: "(a) Whenever two or more offenses have been joined for trial solely on the ground that they are of the same or similar character, the defendant shall have a right to a severance of the offenses." ABA Standards, supra, p. 291. "The right of severance where the offenses are joined solely on the ground that they are of the same or similar character is 'because of the great risk of prejudice from a joint disposition of unrelated charges.' ABA Standards, supra, p. 288." *Dingler*, supra at 464.

In the instant case the evidence showed that in both incidents, appellant assaulted women with whom he had seemingly pleasant social connections. After spending time with the women, appellant initiated his attacks by asking the victim to let him "hold" them. When they refused, he forcibly removed them to another location nearby, and when they screamed or fought, he placed his hand over the victims' mouth and nose so they could not breathe. In neither instance was a weapon used nor were overt threats made; rather, appellant relied solely on brute strength to subdue his victims.

In *Mack v. State*, 163 Ga. App. 778-779 (1) (296 SE2d 115) (1982), we recognized the rule that when offenses are joined solely on the ground that they are of the same or similar character, the defendant has a right to have the offenses severed. We went on to state: "However, where the offenses are so similar that they show a common scheme or plan or have an identical modus operandi, severance is discretionary with the trial court. '[I]f there is a valid reason for joinder other than similarity of offense, then severance of offenses becomes discretionary with the trial court.' [Cit.]" Id. at 778-779. Since the evidence here showed a similar modus operandi, we find no abuse of the trial court's discretion in denying appellant's motion for severance of the offenses.

2. Appellant contends the court erred by allowing evidence of a prior similar transaction. The prior incident occurred when appellant met a young woman that he knew at a party. She asked appellant for some marijuana and when they went to appellant's car to get the marijuana, appellant drove to a secluded area about three or four miles from the party's location. When he stopped the car he told the woman he just wanted to hold her; the victim refused, and appellant then had intercourse with her forcibly and against her will.

Evidence of similar transactions or crimes is admissible when it is shown that the defendant is the perpetrator of the similar offense, and there is sufficient similarity between the independent crime and

the offense charged that proof of the former tends to prove the latter. *Davis v. State*, 249 Ga. 309, 311 (1) (290 SE2d 273) (1982). Evidence of independent crimes has been admitted to show bent of mind and course of conduct, and has been most liberally extended in the area of sexual offenses. *Johnson v. State*, 242 Ga. 649, 653 (3) (250 SE2d 394) (1978). There was no question that appellant was the perpetrator of the similar offense, and the modus operandi of appellant was the same. Thus, such evidence was admissible to show appellant's bent of mind to commit rape if his victims resisted his advances. Id. Accordingly, it was not error to admit evidence of the similar crime.

3. Appellant contends the evidence was not sufficient to support the verdict. Appellant did not deny having intercourse with his victims, but testified that he had intercourse with the victims with their consent. The victims testified that appellant had intercourse with them forcibly and against their will. The kidnapping charge arose from appellant's forcibly carrying his second victim to an area a short distance behind her house, where the rape occurred. Thus, the only issue in this case was the credibility of witnesses, which is a question for the jury. *Bryant v. State*, 174 Ga. App. 468 (1) (330 SE2d 406) (1985). We find the evidence sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED SEPTEMBER 3, 1986.

*William M. Shurling III*, for appellant.
*Willis B. Sparks III, District Attorney, Graham A. Thorpe, Assistant District Attorney*, for appellee.