## S91A0182. CARTER v. THE STATE.
(404 SE2d 432)

FLETCHER, Justice.

On May 11, 1990, a jury convicted Eddie Sam Carter of the 1989 murder of Vanita Whitt and acquitted him of the 1984 murder of Loretta Hunt.[1] Carter appeals his conviction and we reverse.

1. Prior to trial, the State filed a notice of its intention to introduce evidence of similar transactions and, thereafter, Carter sought and received the trial court's permission to file a motion to sever the two murder counts for trial. Relying upon *Dingler v. State*, 233 Ga. 462 (211 SE2d 752) (1975), Carter argued that the two counts had been joined only because the offenses were of the same or a similar nature and that severance was therefore mandatory upon application of defendant. Citing judicial economy and the existence of a common thread or course of conduct in the two offenses, the trial court denied the motion to sever.

In *Dingler*, this court answered a certified question from the Court of Appeals by adopting the ABA standards on joinder and severance of offenses and recognizing that, because of the great risk of prejudice from the joint disposition of unrelated charges, a defendant has a right to have offenses severed for trial where the offenses have been joined solely on the ground that they are of the same or similar character. In *Terry v. State*, 259 Ga. 165, 168 (377 SE2d 837) (1989), we expanded upon *Dingler* by noting that:

> where multiple offenses have been joined solely on the ground that they are of the same or similar character, the defendant has an absolute right to a severance of the offenses. Where, however, two or more offenses are joined on grounds that they are of the same or similar character, and are part of a single scheme or plan, or are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan, the trial court, in its discretion, should grant a severance of offenses if it is deemed appropriate to promote a fair determination of the defendant's guilt or innocence of each charge. . . .

---

[1] Loretta Hunt was murdered on August 5, 1984. Vanita Whitt was murdered on April 6, 1989. Carter was indicted on September 19, 1989 for both murders. On May 11, 1990, a jury acquitted him of the murder of Hunt and convicted him of the murder of Whitt for which the trial court sentenced him to life imprisonment. Carter filed a motion for new trial on June 6, 1990 and the motion was denied on September 6, 1990. Carter's notice of appeal was filed on October 2, 1990 and was amended on October 3, 1990. The case was docketed in this court on November 7, 1990 and was submitted for decision without oral argument on or about December 21, 1990.

From a review of the record and transcript, it is clear that the two murder counts involved here were completely unrelated and were joined only because they were murder charges purportedly involving the same defendant. In its denial of Carter's motion for new trial, the trial court found that no harm resulted from the denial of the severance motion because, even if the two offenses had been severed for trial, the court would have permitted the State to introduce evidence of one offense in the trial of the other as a similar transaction. The trial court also found the denial of the severance motion to be harmless because the jury returned a verdict of not guilty as to the count involving the 1984 murder.

We find that the trial court erred by denying the severance motion and that such was harmful error requiring reversal of Carter's conviction for the 1989 murder of Vanita Whitt. The posture of the defense would have been dramatically different had the severance motion been granted and had the State only been allowed to introduce evidence of the 1984 murder as a similar transaction in the trial of the 1989 murder. That the jury acquitted Carter of the 1984 murder does not negate the prejudice in the minds of the jurors caused by the trial of that offense along with the unrelated 1989 murder.

2. From the evidence contained in the record, a rational trier of fact could have found Carter guilty beyond a reasonable doubt of the 1989 murder of Vanita Whitt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. The trial court also erred in permitting Carter's former girl friend to testify as to Carter's 1984 statement that scratches on his arms on the morning after Hunt's murder were from a robbery that Carter and another man had committed earlier that same morning. Because the statement did not incriminate Carter in either the 1984 or the 1989 murders, it does not fall within the rule that " ' "an incriminatory statement or confession made by the accused in a criminal case [will not be objectionable because] the language indicated that the accused had [also] committed . . . another and separate offense. [Cits.]" ' " *Frazier v. State*, 257 Ga. 690, 697 (362 SE2d 351) (1987). Instead, the statement wrongfully placed Carter's character in issue by introducing testimony concerning another criminal act allegedly committed by Carter.

4. Carter also enumerates as error the trial court's denial of his motion for mistrial during the State's closing argument related to statements made by the prosecutor concerning matters Carter contends were not in evidence. The statements were reasonably suggested by the evidence or could have been inferred from the evidence adduced at trial and thus this enumeration is without merit.

*Judgment reversed. All the Justices concur, except Hunt, J., who dissents.*

HUNT, Justice, dissenting.

I respectfully dissent ıto Division 1 and to the judgment because in my view the majority blindly adheres to the severance rule, when application of that rule, under the circumstances of this case, flies in the face of the very purposes behind the rule. The rule was adopted by us from the ABA Standards Relating to the Administration of Criminal Justice. *In the abstract*, the rule is a good one, and there is no question the two murder counts, because they are completely unrelated, ordinarily should be severed. But before we conclude that the trial court's refusal to sever the two counts requires a new trial, it is imperative that we examine the purposes behind the severance rule:

"Severance . . . is typically sought on the ground that a unified disposition of several charges or several defendants would put those proceeded against at an unfair disadvantage, due to confusion of law and evidence by the trier of the fact, and the 'smear' effect such confusion can produce."

*Dingler v. State*, 233 Ga. 462, 463 (211 SE2d 752) (1975) (citing ABA Standards Relating to the Administration of Criminal Justice, p. 285 (1974)).

Having done so, it becomes apparent that severance serves no purpose here. Here there would be no confusion of law because the law is the same as to each charge of murder. And because, as the majority concedes, the trial court would have been authorized to allow the state to introduce evidence of each offense in the trial of the other, as a similar transaction, the confusion of evidence and the "smear" effect, to the extent either would have been injected by joinder, would be present anyway. See *Terry v. State*, 259 Ga. 165, 169 (1) (377 SE2d 837) (1989). In what way, then, is the defendant put at any added disadvantage, or prejudiced further, by joinder of the two offenses?[2] Where the purposes justifying the rule are not served by its application, as they are not served here, that rule should yield to the rules promoting judicial economy, and favoring joinder where it results in "conserving the time lost in duplicating the efforts of the prosecuting attorney, and possibly his witnesses, and of judges and court officials." *Dingler v. State*, supra at 463, citing ABA Standards Relating to the Administration of Criminal Justice, supra.

It is my view, likewise, that the error, if any, referred to in Division 3 of the opinion would not require a reversal. I would affirm the

---

[2] It is the state, not the defendant, which suffers prejudicially from the reversal of the trial court's ruling. Because Carter was acquitted of the 1984 charge, its use as a "similar transaction" in a future trial is likely precluded. See *Salcedo v. State*, 258 Ga. 870 (376 SE2d 360) (1989).

conviction and, accordingly, I dissent.

DECIDED MAY 23, 1991 —
RECONSIDERATION DENIED JUNE 21, 1991.

*Worthington & Flournoy, Thomas M. Flournoy, Jr.,* for appellant.

*Douglas C. Pullen, District Attorney, J. Gray Conger, Assistant District Attorney, Michael J. Bowers, Attorney General, C. A. Benjamin Woolf,* for appellee.