## S93A1466. CARTER v. THE STATE.
(435 SE2d 42)

CARLEY, Justice.

Appellant was tried before a jury and found guilty of murder, but, on appeal, his conviction was reversed. *Carter v. State*, 261 Ga. 344 (404 SE2d 432) (1991). At the retrial, a jury again found appel-

lant guilty of the murder and he was sentenced to life. He now appeals from the judgment of conviction entered on the jury's guilty verdict returned at the retrial.[1]

1. "From the evidence contained in the record, a rational trier of fact could have found [appellant] guilty beyond a reasonable doubt of the . . . murder. . . . *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)." *Carter v. State,* supra at 345 (2).

2. At the retrial, appellant elected to introduce no evidence in his defense. The trial court then allowed the State to reopen its case so as to introduce the testimony that had been given by appellant at the original trial. See *Edison v. State,* 256 Ga. 67, 69 (3) (344 SE2d 231) (1986). Appellant urges that it was error to allow the State to reopen its case when he had presented no evidence in his defense. This contention is without merit. It is

> within the discretionary power of the trial judge to reopen the case and allow the State to introduce further testimony even though such testimony was not in rebuttal of evidence offered by the defendant or his [testimony before] the jury.

*Britten v. State,* 221 Ga. 97, 101 (4) (143 SE2d 176) (1965).

3. Appellant objected that the State's closing argument was extending beyond the one-hour time limit that was otherwise prescribed by Uniform Superior Court Rule 13.1 (B). But see OCGA § 17-8-73. In response, counsel for the State informed the trial court that he was "going to wind it up in just a minute." The trial court then permitted counsel for the State to proceed with his closing argument to its shortly ensuing conclusion. On appeal, appellant urges that, by allowing counsel for the State to continue with his closing argument, the trial court committed reversible error.

The Uniform Superior Court Rules provide that a trial court, in the exercise of its discretion, may grant counsel's pre-argument request for additional time to make closing argument. Uniform Superior Court Rule 13.2. Here, counsel for the State made no pre-argument request for additional time. Thus, the trial court would have been authorized to deny counsel for the State the opportunity to finish his closing argument. However, nothing in the Uniform Superior Court Rules specifically precludes the trial court from exercising its discretion so as to grant a short period of additional time to counsel

---

[1] The murder occurred in April 1989. Appellant was indicted on September 19, 1989. The guilty verdict at the retrial was returned on December 11, 1992. A motion for new trial was filed on January 8, 1993 and was denied on May 18, 1993. The notice of appeal was filed on May 27, 1993. The case was docketed in this court on July 2, 1993 and was submitted for decision on August 13, 1993.

who has failed to make a pre-argument request, when, as here, the purpose is merely to allow counsel to reach the logical conclusion of his closing argument.

4. Appellant enumerates as error the trial court's refusal to give a requested instruction on "mere presence at the scene of the crime."

In order for the trial court's failure to give a requested instruction to constitute reversible error, the refused request must be "a correct statement of law that is pertinent and material to an issue in the case and not substantially covered by the charge actually given. [Cits.]" *Pruitt v. State*, 258 Ga. 583, 588 (13) (373 SE2d 192) (1988). The record in the instant case does not contain a copy of any timely filed written request to instruct on "mere presence." Accordingly, the requisite preliminary determination as to the legal accuracy of appellant's refused request cannot be made. Compare *Pruitt v. State*, supra at 588 (13) (c). However, even assuming that the refused request was an accurate statement of the law, the trial court's failure to have given it was not reversible error. The trial court's charge, as actually given, was full and fair and substantially covered all the legal principles relevant to the determination of appellant's guilt. *Muhammad v. State*, 243 Ga. 404, 405 (1) (254 SE2d 356) (1979). See also *Bowley v. State*, 261 Ga. 278, 279 (2) (404 SE2d 97) (1991).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 4, 1993.

*William J. Mason*, for appellant.

*Douglas C. Pullen, District Attorney, J. Gray Conger, Assistant District Attorney, Michael J. Bowers, Attorney General, Matthew P. Stone, Staff Attorney*, for appellee.