A94A1644. MILLER v. THE STATE.
(448 SE2d 20)

McMURRAY, Presiding Judge.

Defendant Miller appeals his conviction of the offenses of rape and aggravated sodomy. *Held*:

1. Defendant was initially charged by indictment number CR92-2757 with the offenses of which he was convicted. During the investigation of those charges, police discovered evidence of an earlier offense of rape against a different victim resulting in a second indictment charging rape, indictment number CR93-0238. The State filed a motion to join the indictments for trial and defendant enumerates as error the grant of that motion. Defendant was acquitted of the charges in the second indictment. Maintaining that the crimes alleged in the two indictments were merely similar crimes and not part of any single scheme or plan, defendant contends that the joinder was erroneous.

" ' "In *Dingler v. State*, 233 Ga. 462 (211 SE2d 752) (1975), (the Supreme C)ourt adopted ABA Standards of severance which provide that a defendant is entitled to severance if offenses are joined simply because they are similar in nature." *Cooper v. State*, 253 Ga. 736 (3)

(325 SE2d 137) (1985). However, "(o)nly when the offenses have been joined *solely* because they are of the same or similar character shall the accused have a right to severance of the offenses. (Cits.)" *Jordan v. State*, 172 Ga. App. 496 (1) (323 SE2d 657) (1984). Offenses are not joined *solely* because they are of the same or similar character where the similarity reaches the level of a pattern evincing a common motive, plan, scheme or bent of mind. *Cooper v. State*, supra at 737. " 'Where the modus operandi of the perpetrator is so strikingly alike, that the totality of the facts unerringly demonstrate and designate the defendant as the common perpetrator, the offenses may be joined — subject to the right of the defendant to a severance in the interests of justice. (Cits.)' " *Jordan v. State*, supra at 497. "(S)ever(a)nce in this particular kind of circumstance lies within the sound discretion of the trial judge. . . ." *Dingler*, supra, 233 Ga. at 463.' *Wilson v. State*, 188 Ga. App. 779, 780 (1) (374 SE2d 325) (1988)." *Hammock v. State*, 201 Ga. App. 614, 617-618 (5) (411 SE2d 743).

In the case sub judice, there was ample evidence establishing the similarity of the crimes. Both victims were female children who were related to defendant at the time of the occurrences and were disrobed and subjected to forcible sexual intercourse at the victim's residence when other adult family members were absent. Severance was not demanded.

2. Defendant contends the trial court erred in sentencing him as a recidivist. A plea of guilty that is invalid under *Boykin v. Alabama*, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) may not be used to enhance punishment in a subsequent trial, and once the defendant raises an issue as to intelligent and voluntary waiver with respect to prior guilty pleas, the burden is on the State to establish a valid waiver. *Gadson v. State*, 197 Ga. App. 315, 317 (4) (398 SE2d 409). Defendant maintains that the State has failed to satisfy this burden.

The State has presented evidence as to prior guilty pleas to two separate offenses. If either of these guilty pleas is valid, the sentence imposed by the trial court is required by OCGA § 17-10-7 (a). We have examined the record introduced as to one of these offenses, possession of cocaine with intent to distribute, and found compliance with the requirements under *Boykin v. Alabama*, supra, in that defendant is informed of the nature of the charge against him, the consequences of a plea, and is found to have freely and voluntarily entered the plea. *Peters v. State*, 210 Ga. App. 211, 212 (1) (435 SE2d 731); *Scurry v. State*, 194 Ga. App. 165, 166 (390 SE2d 255); *Craig v. State*, 192 Ga. App. 148, 149 (384 SE2d 240). Whether the second plea of guilty was valid is a closer question, but need not be reached since introduction of the valid plea of guilty to possession of cocaine with intent to distribute requires the sentence imposed.

3. Next, defendant enumerates as error the trial court's refusal to

give his requested charge on sexual battery. While defendant now argues that the sexual battery charge would be appropriate as to either rape or aggravated sodomy, during the charge conference trial counsel conceded that the sexual battery charge was not applicable to the charge of aggravated sodomy. As to the offense of rape of which defendant was convicted, the charge was not authorized by the evidence which shows either commission of a rape or no crime. *Brooks v. State,* 197 Ga. App. 194 (1), 195 (397 SE2d 622); *Hardy v. State,* 159 Ga. App. 854, 859 (285 SE2d 547).

4. In his final enumeration of error, defendant contends that his conviction was not authorized by the evidence. This contention is predicated entirely upon the failure of the victim, who was seven years of age on the trial date, to identify defendant as the perpetrator *at trial.* Nonetheless, a videotaped interview with the victim was admitted into evidence containing the victim's assertion that "Jerry" was the perpetrator. See OCGA § 24-3-16; *Kelly v. State,* 197 Ga. App. 811, 813 (2) (399 SE2d 568). Other evidence showed that defendant was the only person known to the victim by this name. There was ample evidence from which a rational trier of fact could determine the guilt of defendant beyond a reasonable doubt of the offenses of which he was convicted. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Knight v. State,* 210 Ga. App. 63, 64 (1), 65 (435 SE2d 276).

*Judgment affirmed. Pope, C. J., and Smith, J., concur.*

DECIDED AUGUST 1, 1994 —
RECONSIDERATION DENIED AUGUST 12, 1994 — ▉▉▉▉▉

*C. Jackson Burch,* for appellant.
*Spencer Lawton, Jr., District Attorney, Greg M. McConnell, Assistant District Attorney,* for appellee.