## A94A2340. BOBBITT v. THE STATE.
(449 SE2d 674)

BIRDSONG, Presiding Judge.

John Bobbitt appeals his burglary conviction; he was tried jointly with co-defendant Phillip W. Reeves. *Held*:

Appellant's sole enumeration is that the trial court erred by allowing the co-defendant to give testimony regarding the substance of appellant's prior testimony at a probation revocation hearing after appellant elected not to take the stand in his behalf. Appellant does not contend that error occurred by failing to sever his case from that of co-defendant or that his testimony at the probation hearing was not voluntary, thus these issues are not before us on appeal. Rather, appellant asserts that introduction of his prior testimony in evidence in view of his election not to testify at trial violated his privilege against self-incrimination under the Fifth Amendment of the United States Constitution and under the Georgia Constitution of 1983, and that the introduction of this testimony compelled him to give evidence in violation of OCGA § 24-9-20 (a).

The record reveals that it was co-defendant's counsel who first stated on the record that co-defendant desired to place in evidence appellant's prior testimony. Appellant did not object initially, but made a general observation that "it's almost like a reverse Bruton problem. It's not an inculpatory statement, but its going to be used in that fashion. I mean, the statement would deny all knowledge." Later,

after the trial court indicated its inclination to allow admission of appellant's prior testimony, appellant's counsel stated: "I'd certainly stipulate that the testimony was given at a hearing, but if I might . . . have the opportunity to look up some law." The trial court agreed to that request. Thus initially appellant's counsel did not pose any objection in proper form as to the introduction of appellant's prior testimony at the probation revocation hearing. Subsequently, before the opening argument of co-defendant, appellant posed an objection to any mention of his prior testimony on the specific grounds that other evidence of record would impeach this prior testimony and this in effect forces appellant to incriminate himself. The trial court tacitly overruled this objection and permitted co-defendant's attorney to proceed with opening argument. Thus, it was co-defendant and not the State that initially pressed to have this evidence admitted on the grounds that it was relevant to show appellant was lying to cover something up and protect himself. During trial the co-defendant testified in his behalf. During the course of his direct examination, co-defendant stated he had heard appellant testify previously and deny that he (appellant) had anything to do with the stolen checks, and that he had been at work all day and had not seen co-defendant. Appellant objected on the additional grounds that evidence of appellant's prior testimony was not "proper as original evidence." Co-defendant did not reveal that appellant's testimony was given at a probation revocation hearing or that appellant was a party at this hearing.

Appellant's claim of error under OCGA § 24-9-20 (a) is not before us on appeal, as appellant failed to object on this particular ground at trial. *Norman v. State*, 197 Ga. App. 333, 334 (2) (398 SE2d 395). Assuming arguendo appellant has adequately preserved on appeal the issue whether the testimony in question violated his privilege against self-incrimination under *both* the United States and the Georgia Constitutions, we nonetheless find his contentions are without merit. In *Edison v. State*, 256 Ga. 67, 69 (3) (344 SE2d 231), the defendant elected not to testify at his second trial and the State introduced his previous testimony in evidence to set out conflicts between his version of the events surrounding the murder and the versions of the State's witnesses; the Supreme Court found no error opining that "[a] defendant who testifies on his behalf waives his privilege against self-incrimination to the extent of that testimony." Id.; accord *Carter v. State*, 263 Ga. 401, 402 (2) (435 SE2d 42); *Wright v. State*, 207 Ga. App. 685, 686 (2) (428 SE2d 691). We conclude appellant waived his privilege against self-incrimination by testifying voluntarily on his behalf at the probation revocation hearing to the extent of that testimony. See *Edison*, supra; *Carter*, supra; *Wright*, supra.

*Judgment affirmed. Blackburn and Ruffin, JJ., concur.*

DECIDED NOVEMBER 3, 1994.

*Kelley A. Dial,* for appellant.

*T. Joseph Campbell, District Attorney, D. Scott Smith, Assistant District Attorney,* for appellee.