## A97A0395. SMITH v. THE STATE.
(484 SE2d 515)

ELDRIDGE, Judge.

After deliberating 48 minutes, a Chatham County jury found appellant Raymond E. Smith guilty of two counts of burglary, three counts of aggravated assault, kidnapping, rape, and three counts of possession of a firearm during the commission of a crime. The rape count and one of the burglary counts, with attempted rape as the underlying felony, were separate incidents involving different victims which were joined in the same indictment. Appellant filed a motion to sever offenses. The trial court found that the offenses were properly joined because they were not simply of the same or similar "character"; the trial court, based upon argument from the state, found that the offenses exhibited the same or similar "conduct" to the extent that the offenses demonstrated a similar course of conduct and bent of mind. The court denied the motion to sever offenses. Appellant challenges the trial court's severance determination and asserts that the evidence was insufficient to support the verdict. We affirm.

1. Offenses may be joined for trial when they are based on the same or similar "conduct" so as to evince a common scheme, plan, or modus operandi. *Dingler v. State*, 233 Ga. 462, 463 (211 SE2d 752) (1975); *Samples v. State*, 217 Ga. App. 509 (460 SE2d 795) (1995); *Davis v. State*, 180 Ga. App. 190 (1) (348 SE2d 730) (1986). Severance is mandatory, upon defense request, if offenses are joined improperly, i.e., *solely* because they are of the same or similar "character." *Dingler*, supra; *Swinney v. State*, 217 Ga. App. 657, 659 (458 SE2d 686) (1995); *Jordan v. State*, 172 Ga. App. 496 (1) (323 SE2d 657) (1984). If a trial court determines that joinder was proper, severance is not mandatory, but discretionary. *Dingler*, supra at 463.

Thus, even if joinder is deemed as proper and severance is not mandatory, a motion to sever offenses may still have life. This is so because, at the trial court's discretion, severance may also be considered appropriate to promote a fair determination of the defendant's guilt or innocence of each offense. In exercising its discretion, the trial court considers whether, in view of the number of offenses

charged and the complexity of the evidence to be offered, the trier of fact will be able to distinguish the evidence and apply the law intelligently as to each offense. *Dingler*, supra at 463-464.

Accordingly, with regard to a motion to sever offenses, the argument is, in essence, two-pronged: (1) a mandatory severance argument, which concerns whether joinder of offenses was improper and thus severance is mandatory; and (2) a discretionary severance argument, which concerns the propriety of severance based upon the discretionary considerations discussed in *Dingler*. Further, in the first determination, when the defense claims improper joinder, the state has the burden to demonstrate that joinder was proper because the offenses were not joined *solely* on the basis that they are of the same or similar "character." In the second determination, when the defense argues for severance based on the trial court's discretion, the defense has the burden to demonstrate that severance should be granted based upon one or more discretionary concerns. *Vaughan v. State*, 210 Ga. App. 381, 382 (436 SE2d 19) (1993). Keeping these provisions in mind, we turn to the facts of the case sub judice and the allegations on appeal.

The record shows that in the summer of 1994, appellant, who had been drinking, attempted to rape a 20-year-old African-American woman who lived in his apartment complex, Francis Bartow public housing in west Savannah, Chatham County; appellant lived in 633 Francis Bartow, and the victim lived directly across the parking lot in apartment 642. At approximately 1:30 a.m., appellant watched the victim from outside the victim's bedroom window, and saw her get ready for bed; appellant then climbed in through an open window in another room of the victim's apartment, and entered the woman's bedroom. Appellant jumped on the woman, beat her head against the headboard of her bed, stabbed her with a pen, and forcibly removed the victim's shorts and underpants. Throughout the attack, appellant was giving the woman orders and repeatedly referring to her as "bitch." The woman was able to escape before appellant could force her to have vaginal intercourse.

Less than a month later, appellant, who again had been drinking, went to Ott Street in west Savannah at 11:30 p.m., where he located his ex-girl friend, a then 17-year-old African-American woman who had not seen the appellant for a year. Appellant forced the woman into a vehicle and took her back to the nearby Francis Bartow apartments. Once at his apartment, appellant forced the victim into his bedroom, beat her in the head with a gun, kicked her in the ribs, and forcibly removed her shorts and underpants. During the attack, appellant was giving the woman orders and repeatedly referring to her as "bitch." Appellant had forcible vaginal intercourse with the victim.

It is important to note that appellant's contentions concerning severance are based solely on arguments regarding improper joinder of offenses, as opposed to an argument that severance, based on discretionary considerations, was appropriate.

First, appellant contends that the rape and the attempted rape offenses were improperly joined simply because they were of the same or similar "character," and thus, severance was mandatory. We agree that the offenses had similar character, i.e., forcible rape. Clearly, all multiple charges of rape or attempted rape lodged against a defendant will be of the same "character," since the crime of rape consists of specific acts or elements which are characteristic of the offense. However, for purposes of a joinder analysis, the focus is on the *conduct* that comprises those offenses whose characteristics society defines as "rape," and the issue is whether, upon consideration of the defendant's conduct, the offenses were joined *solely* because they are of the same or similar character. *Dingler*, supra.

We find that under the facts in the case sub judice, the offenses were not joined solely because they were of the same or similar character; the conduct of appellant in his attacks on both women was sufficiently similar so as to evince a similar course of conduct, bent of mind, and modus operandi in appellant's approach to women and sex when he has been drinking. *Davis v. State*, 180 Ga. App. 190 (1) (348 SE2d 730) (1986). These two incidents, closely related in time and during which appellant had been drinking, clearly establish appellant's violent, object-like methodology in dealing with women, during which he de-humanizes and demeans women by repeatedly referring to them as "bitch," as he commands their actions. In addition, the offenses illustrate appellant's similar techniques of brutality in the accomplishment of his objective and his repeated, opportunistic targeting of young African-American women near his home. Additionally, both women were forced to escape in various states of undress, and both women sustained head injury, as well as other bodily injury.

Another telling commonality is that appellant, when drunk, cared so little about the results of his actions or possible detection, that he made no attempts to avoid recognition and chose as his victims a neighbor and an ex-girl friend. Thus, the two offenses were not joined *solely* because they both involved the same offense, i.e., were of the same or similar "character." See *Lundy v. State*, 265 Ga. 30 (453 SE2d 466) (1995); *Exley v. State*, 198 Ga. App. 748, 750 (402 SE2d 798) (1991). Accordingly, severance was not demanded, and joinder was appropriate. *Whitfield v. State*, 217 Ga. App. 402, 403 (457 SE2d 682) (1995); *Miller v. State*, 214 Ga. App. 393, 394 (448 SE2d 20) (1994).

Next, appellant complains that joinder was improper because

the trial court incorrectly applied a similar transaction evidentiary standard when considering the issue of whether the offenses consisted of the "same or similar conduct." Notably, appellant, while objecting to the trial court's denial of his motion to sever, never objected to the evidentiary standard upon which the court based its decision. In fact, appellant's only argument to the trial court was that the offenses lacked sufficient similarity to be joined: "Well, I think we have pointed out amply that although these incidents are similar, the similarities are outweighed by the differences. . . ." Accordingly, "[i]t is well settled that a reason urged by enumeration of error on appeal which is different from that urged below will not be considered for the first time on appeal." *Brantley v. State*, 177 Ga. App. 13, 14 (338 SE2d 694) (1985).

Even assuming, arguendo, that this issue had been properly preserved for appellate review, appellant has failed to demonstrate how he was harmed by the use of a similar transaction analysis in determining whether the offenses consisted of the "same or similar conduct" for purposes of joinder. Far from being harmful, the criteria for the introduction of similar transactions under *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991), are considerably more rigorous than the evidentiary standard for determining "similarity of conduct" for purposes of joinder. Under the analysis of *Williams*, supra, the state must show not only significant similar conduct, but similarity to the extent that proof of one offense tends to prove the other. *Williams*, supra at 642. Under the evidentiary standard for joinder, the state must show similarity of conduct only to the extent that the *sole* purpose of joinder is not because the offenses are of a like "character." *Swinney*, supra at 659. Thus, it cannot be considered harmful to appellant that the trial court employed the more demanding *Williams* similar transaction analysis in determining whether the offenses consisted of "the same or similar conduct" for purposes of joinder.

*Carter v. State*, 261 Ga. 344 (404 SE2d 432) (1991), upon which appellant relies, does not demand a different result. In *Carter*, supra, the 1984 and 1989 murder offenses sought to be joined were "totally unrelated," with the participation of the defendant as the only common thread. *Carter*, supra at 344-345. Herein, even appellant admitted that the offenses sought to be joined exhibited proximity and similarity. Further, appellant cites *Carter*, supra at 345, for the proposition that "[t]he posture of the defense would have been dramatically different had the severance motion been granted and had the State only been allowed to introduce evidence of the 1984 murder as a similar transaction in the trial of the 1989 murder"; however, we make two observations thereon: (1) such language was obiter dicta and (2) the substance of the quote bears little scrutiny, for if the

offenses were truly "totally unrelated," the 1984 murder would not have been admissible as a similar transaction either. See *Williams*, supra at 642.

Appellant's reliance on *Terry v. State*, 259 Ga. 165 (377 SE2d 837) (1989), is also misplaced. In *Terry*, the trial court granted severance based on the discretionary *Dingler* analysis, where similarity of conduct is not the determinative issue, as it was in the case sub judice. *Terry*, supra at 168. Further, *Terry* was decided before *Williams*, supra, wherein major changes in similar transaction analysis were made. Thus, that portion of the *Terry* decision upon which appellant relies concerning the then applicable similar transaction evidentiary standards in relation to the standards for discretionary severance are of little precedential value in a post-*Williams* world. *Terry*, supra at 169.

Error and harm must be shown to warrant reversal on appeal. *Robinson v. State*, 212 Ga. App. 613, 616 (442 SE2d 901) (1994). By simply alleging that the trial court incorrectly utilized a similar transaction analysis in determining the existence of "same or similar conduct" for purposes of joinder, appellant has shown neither error nor harm.

Finally, appellant complains that the trial court based its severance determination only on the issue of "similarity of conduct." However, at the hearing on the motion, appellant's only argument concerned the lack of similarity between the offenses, i.e., improper joinder requiring mandatory severance. Appellant failed to argue to the trial court concerning the second determination: the discretionary considerations for severance of offenses as outlined in *Dingler*, supra. Consequently, appellant's failure to argue the discretionary severance issue left the trial court with only the improper joinder issue and a "similarity of conduct" analysis upon which to base a decision that mandatory severance was not required. " 'It is axiomatic that at the appellate level, one cannot complain of a judgment, order, or ruling that his own procedure or conduct procured or aided in causing.' " *Stringer v. Harkleroad & Hermance*, 218 Ga. App. 701, 704 (463 SE2d 152) (1995); see also *Billingsley v. State*, 220 Ga. App. 69, 70 (467 SE2d 377) (1996). There was no error.

2. Appellant also challenges the sufficiency of the evidence introduced against him. A review of the record, which includes the testimony of both victims concerning the acts committed by appellant, demonstrates to this Court that the evidence was sufficient for a rational trier of fact to have found appellant guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Birdsong, P. J., concurs. Ruffin, J., concurs in judgment only.*

DECIDED MARCH 7, 1997 —
RECONSIDERATION DENIED MARCH 18, 1997 —

*Mark B. Beberman*, for appellant.

*Spencer Lawton, Jr., District Attorney, Thomas M. Cerbone, Assistant District Attorney*, for appellee.