A98A0486. DEWINTERS v. THE STATE.
(501 SE2d 849)

McMURRAY, Presiding Judge.

Defendant was tried before a jury and convicted of two counts of

false imprisonment and one count of burglary. The evidence adduced at trial reveals that defendant, on June 2, 1995, disguised himself as an employee of the "Ritz Carlton Hotel" in Atlanta, Georgia, and gained entry into the hotel room of out-of-town guest, Wayne Moran, by offering Mr. Moran's spouse complimentary room service. Once inside, defendant took certain items from the Morans, locked the couple in a bathroom, and fled. Three days later, on June 5, 1995, defendant disguised himself as an employee of the "Westin Peachtree Plaza" hotel in Atlanta, Georgia, and gained entry into the hotel room of out-of-town guest, Sandy Brewer, by offering to fix the plumbing in Ms. Brewer's hotel room. Once inside, defendant took Ms. Brewer's valuables and locked her in a bathroom. But this time, hotel security officers apprehended defendant at the scene.

This appeal followed the denial of defendant's motion for new trial. *Held*:

1. Defendant contends the trial court erred in denying his motion to sever, arguing that the offenses arising from the June 2, 1995, incident (involving the Morans) and the offenses arising from the June 5, 1995, incident (involving Ms. Brewer) were improperly joined based on similarity of character.

"Offenses may be joined for trial when they are based on the same or similar 'conduct' so as to evince a common scheme, plan, or modus operandi. *Dingler v. State*, 233 Ga. 462, 463 (211 SE2d 752) (1975); *Samples v. State*, 217 Ga. App. 509 (460 SE2d 795) (1995); *Davis v. State*, 180 Ga. App. 190 (1) (348 SE2d 730) (1986). Severance is mandatory, upon defense request, if offenses are joined improperly, i.e., *solely* because they are of the same or similar 'character.' *Dingler*, supra; *Swinney v. State*, 217 Ga. App. 657, 659 (458 SE2d 686) (1995); *Jordan v. State*, 172 Ga. App. 496 (1) (323 SE2d 657) (1984)." *Smith v. State*, 225 Ga. App. 553 (1) (484 SE2d 515).

In the case sub judice, the State proved that defendant's conduct during both episodes was sufficiently similar so as to evince a similar course of conduct, bent of mind and modus operandi. The incidents were closely related in time and involved high-rise hotels in downtown Atlanta, Georgia. Further, defendant victimized hotel patrons on both occasions who had just arrived in town on business, defendant targeted hotel rooms in both incidents that were remotely located on upper floors, and defendant employed disguises to gain entry into the respective victims' hotel rooms. Further, during both episodes, defendant seized money and other valuables from the victims, disconnected telephone communication to the victims' rooms and forced the victims into bathrooms. This proof demonstrates that "severance was not demanded, and joinder was appropriate. *Whitfield v. State*, 217 Ga. App. 402, 403 (457 SE2d 682) (1995); *Miller v. State*, 214 Ga. App. 393, 394 (448 SE2d 20) (1994)." *Smith v. State*, 225 Ga. App. 553

(1), 555, supra.

2. Defendant contends the trial court erred in recharging the jury that their verdict must be unanimous.

During deliberations, the jury informed the trial court that their vote was unanimous as to two counts of the eight count indictment. The trial court, after conferring with the State's attorney and defense counsel, encouraged each juror to listen to the other jurors' arguments, but preceded this instruction by admonishing the jury that their vote must be unanimous, "must be the conclusion of each juror and not mere acquiescence in order to reach an agreement. . . ." Under such circumstances, we find no basis for defendant's argument that the trial court's recharge to the jury encouraged the jurors to reach a compromise verdict. See *Davis v. State*, 225 Ga. App. 627, 629 (3) (484 SE2d 655).

3. Defendant also contends the trial court erred in recharging the jury as to the expense of the parties. We do not agree. "[T]here was no error in the *Allen* [*v. United States*, 164 U. S. 492 (17 SC 154, 41 LE 528)] charge's reference to the expenses incurred by the parties in trying the case. The language in this regard which defendant[, in the case sub judice,] complains of was approved in *Blige v. State*, 205 Ga. App. 133, 134 (1) (421 SE2d 547)." *Smith v. State*, 215 Ga. App. 673, 676 (5), 677 (452 SE2d 526).

*Judgment affirmed. Blackburn and Eldridge, JJ., concur.*

DECIDED APRIL 17, 1998.

*Megan C. DeVorsey*, for appellant.

*Paul L. Howard, Jr.*, District Attorney, *Bettieanne C. Hart, Juliette O. W. Scales*, Assistant District Attorneys, for appellee.