## A99A0179. BYRD v. THE STATE.
(512 SE2d 372)

JOHNSON, Chief Judge.

A jury found Roosevelt Byrd, Jr. guilty of three counts of armed robbery and three counts of possession of a firearm during the commission of a felony. Byrd appeals his convictions and sentence. We affirm.

1. Byrd contends the state failed to prove he was guilty beyond a reasonable doubt. We disagree. Pursuant to OCGA § 16-8-41 (a), an individual commits the offense of armed robbery when he, with intent to commit theft, takes property of another from the person or the immediate presence of another by use of an offensive weapon or any device having the appearance of such weapon. The offense of possession of a firearm during the commission of a felony is defined in OCGA § 16-11-106 (b) (1).

Viewed in a light most favorable to support the jury's verdict, the evidence shows that on November 25, 1996, two armed men entered Carver State Bank and proceeded to take money from a bank teller. At trial, the bank teller identified Byrd as being similar in appearance to the robber who came to her window, but testified that Byrd was clean-shaven. She further testified that she was positive that the picture she selected after the robbery depicted the robber. An FBI agent testified that the teller had selected Byrd's photograph after the robbery.

On January 4, 1997, a lone gunman entered Coastal Bank, took money from a teller, and fled. Three witnesses identified Byrd as the robber.

Circumstantial evidence also linked Byrd to the two robberies. Byrd wore a baseball cap during both robberies, cursed at the tellers, displayed a large black gun, brought his own bag to carry the money, knew his co-defendant, and changed his appearance for trial. The jury also heard evidence of a similar transaction armed robbery.

Although Byrd points to conflicts in the witnesses' identifications, it is the jury's function, not the appellate court's, to resolve conflicts in the testimony and determine the credibility of the witnesses. *Mathis v. State*, 224 Ga. App. 521, 522 (1) (481 SE2d 256) (1997). Construed in a light most favorable to support the jury's verdict, the evidence was sufficient to authorize a rational trier of fact to find Byrd guilty beyond a reasonable doubt of the offenses. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Mathis*, supra.

2. Byrd alleges the trial court erred in denying his motion for a mistrial because a GBI agent read aloud the entirety of Byrd's confession to the similar transaction. During this confession, Byrd mentioned that he had been "arrested three weeks ago for theft by receiving on some air conditioning units." According to Byrd, this statement placed his character in issue. We disagree. "It is no valid ground of objection to the admission into evidence of an incriminating statement made by the accused in a criminal case that the language indicated that the accused had committed another offense." (Citations and punctuation omitted.) *Postell v. State*, 226 Ga. App. 843, 845 (487 SE2d 422) (1997); *Colquitt v. State*, 196 Ga. App. 817 (1) (397 SE2d 164) (1990). Moreover, the trial court gave curative instructions.

3. The trial court correctly rejected Byrd's motion to sever parties. "The defendant requesting severance has the burden of doing more than raising the possibility that a separate trial would give him a better chance of acquittal. He must demonstrate a clear showing of prejudice and a consequent denial of due process in the absence of severance. [Cit.]" *Smith v. State*, 267 Ga. 372, 373 (2) (477 SE2d 827) (1996). Byrd failed to do this.

Despite Byrd's arguments, the record shows that much of the same evidence and many of the same witnesses would have been produced even if the trials had been severed. Moreover, given the fact that only two defendants were on trial, it was highly unlikely that the jury would be confused and unable to follow the evidence as to each defendant. See *Loren v. State*, 268 Ga. 792, 795 (2) (493 SE2d 175) (1997). Indeed, the jury demonstrated its ability to consider the defendants separately when it returned different verdicts for the two defendants: the jury found Byrd guilty of the armed robberies at the Carver and Coastal banks but not guilty of the armed robbery at Candler Federal Credit Union; however, it found Byrd's co-defendant guilty of the armed robbery at Candler Federal Credit Union but not

guilty of the armed robbery at the Carver bank. This enumeration lacks merit.

4. Byrd also alleges the trial court erred in refusing to sever offenses. We disagree. "Severance is mandatory, upon defense request, if offenses are joined improperly, i.e., *solely* because they are of the same or similar 'character.' [Cits.]" *Smith v. State*, 225 Ga. App. 553 (1) (484 SE2d 515) (1997). The state met its burden of showing the offenses were not joined solely on the basis that they were of the same or similar character. The cases all involved financial institutions where only tellers were robbed. They all occurred within the city limits of Savannah. All three armed robberies occurred within forty days, with the earliest occurring at 10:30 a.m. and the latest at 12:45 p.m. Each robbery involved the use of a firearm. In each, the robbers brought their own bag for the money and only took U. S. currency. As in *Smith*, 225 Ga. App. 553, the similarities among the bank robberies go beyond what would have to be similar simply because the charges are the same; the similarities are so extensive as to demonstrate a common course of conduct and bent of mind. Id. at 555. Accordingly, severance was not mandatory. See *Dewinters v. State*, 232 Ga. App. 318, 319 (1) (501 SE2d 849) (1998).

Byrd also argues that even if severance was not mandatory, it was still required due to the complexity of the case. We disagree. When a defendant argues for severance based on the trial court's discretion, it is his burden to demonstrate that severance should be granted because of one or more discretionary concerns. *Smith*, 225 Ga. App. at 554. In rendering its decision, the trial court should consider whether in view of the number of offenses charged and the complexity of the evidence to be offered, the jury will be able to distinguish the evidence and apply the law intelligently as to each offense. *Dingler v. State*, 233 Ga. 462, 463-464 (211 SE2d 752) (1975). As stated previously, based on the verdict rendered by the jury, it is clear the jury distinguished the evidence and applied the law intelligently as to each of the offenses. The trial court did not abuse its discretion in denying Byrd's motion to sever the offenses.

5. The trial court did not err in admitting evidence of an armed robbery to which Byrd pled guilty ten years before the present armed robberies. Byrd focuses on the differences between the past armed robbery and the present armed robberies. However, as the Supreme Court has noted, the correct focus is on the similarities between the offenses. *Farley v. State*, 265 Ga. 622, 624 (2) (458 SE2d 643) (1995). In the present case, all the robberies occurred during daylight, all occurred in southeast Georgia, all involved accomplices, all occurred inside businesses, and only tellers or individuals in charge of money were robbed. Based on these similarities, we find no error in the trial court's admission of this evidence. See *Colquitt*, supra at 818 (2).

6. Byrd contends the trial court erred in admitting similar transaction evidence because it made no determination on the record that (a) the independent offense was sufficiently similar to the charged offense so that proof of the former tended to prove the latter or (b) the independent offense was admitted for some lawful purpose other than to place the defendant's character into evidence. Before a similar act can be admitted into evidence, the trial court must make an affirmative determination on the record that (1) the evidence is being admitted for a permissible purpose, (2) there is sufficient evidence to establish the defendant's identity as the perpetrator of the independent offense, and (3) there is sufficient similarity between the independent offense and the similar act so that proof of the former tends to prove the latter. *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991).

(a) Contrary to Byrd's argument, the trial court did make an affirmative finding on the record that the independent offense and the similar act were sufficiently similar so that proof of the former tends to prove the latter. Following the similar transaction hearing, the trial court stated: "The Court will find in each instance that the similarities are sufficient to send it to the jury and I will enter an order to that effect." Subsequently, the trial court filed its Similarity Order and Findings, which states: "The Court further finds that there is a sufficient connection or similarity between the independent acts or crimes for which defendants are being tried for the issue to be submitted to the jury." This enumeration lacks merit.

(b) Likewise, Byrd's argument regarding the similar transaction purpose determination lacks merit. During the similar transaction hearing, the trial court specifically asked the state about the purposes for introduction of the similar transaction evidence. The state responded. In allowing the evidence, the trial court's Similarity Order and Findings states: "The Court finds the state through its counsel seeks to introduce evidence of similar crimes for the appropriate purpose of showing identity, scheme and modus operandi and state of mind including intent of defendants in the armed robberies and use of firearms."

(c) Byrd further contends the trial court erred in admitting the similar transaction evidence without first balancing the probative value of the evidence against its prejudicial impact. We disagree. As the Supreme Court has stated: "Appellant erroneously cites *Adams v. State*, 208 Ga. App. 29, 34 (3) (a) (430 SE2d 35) (1993)[,] as authority for imposing an unnecessary requirement upon a trial court to make an express balancing determination as between probative value and prejudice as a condition to admission of 'other transaction' evidence. Only four judges concurred in Division 3 of *Adams*, whereas five judges did not. Accordingly, Division 3 of *Adams* is not binding

authority and is a physical precedent only by virtue of the Court of Appeals own Rule 33 (a). Moreover, *Adams'* conclusion that such an express balancing determination is mandated appears to have been created ex nihilo because none of the cases cited supports such a requirement." *Farley*, supra at 625-626 (2). Thus, this issue provides no basis for reversal.

(d) Even if the trial court erred by failing to make specific findings on the record that each of the elements enunciated in *Williams* for admission of the evidence was satisfied, no harmful error occurred because, as we stated in Division 5, the evidence was sufficient for the trial court to have concluded that the *Williams'* requirements were satisfied. *Farmer v. State*, 231 Ga. App. 78, 79 (1) (498 SE2d 559) (1998); *Parker v. State*, 220 Ga. App. 303, 306 (5) (469 SE2d 410) (1996).

7. Byrd contends OCGA § 17-10-6.1, which dictates the punishment for serious violent offenders, in conjunction with OCGA § 17-10-7, the sentencing statute applicable to recidivist armed robbers, violates the cruel and unusual punishment clause of the Eighth Amendment of the United States Constitution and Art. I, Sec. I, Par. XVII of the Georgia Constitution. This issue has already been decided adversely to Byrd in *Ortiz v. State*, 266 Ga. 752, 753 (2) (470 SE2d 874) (1996). Thus, this enumeration lacks merit.

8. Byrd next contends that OCGA § 17-10-6.1 violates the separation of powers doctrine of Art. I, Sec. II, Par. III of the Georgia Constitution. However, this issue is controlled adversely to Byrd by *Campbell v. State*, 268 Ga. 44, 45 (2) (485 SE2d 185) (1997).

9. The trial court did not err in denying Byrd's motion to merge two armed robbery counts that involved different victims. According to Byrd, both armed robberies at Coastal Bank were part of a continuous criminal act: Byrd first robbed one teller, then demanded that a second teller come from her station at the drive-in window and give him money from her window. However, sequential armed robberies of different victims at the same site cannot be merged in fact or law. *State v. Smith*, 193 Ga. App. 831, 832 (1) (389 SE2d 547) (1989).

10. Byrd contends the trial court did not clearly instruct the jury that each defendant's similar acts could be considered only in relation to that particular defendant. We disagree.

After the admission of both similar acts at trial, the trial court instructed the jury: "If you believe such has been proven beyond a reasonable doubt, you are, however, strictly limited in your consideration of the evidence in this case as to show identity, to show bent of mind, to show course of conduct of the particular defendant which is alleged to be a similar transaction or offense." After the conclusion of the trial, along with other limiting instructions for transaction evidence, the trial court charged: "Each defendant is entitled to have the

case decided just on the evidence which applies to that particular defendant. Some of the evidence in this case is limited under the rules of evidence to one of the defendants and cannot be considered against the other defendant, just as I have mentioned about the similar circumstance. They are two separate instances and only one applies to one defendant and the other applies to the other defendant. You cannot criss-cross [sic] them and make them apply to both defendants."

Evaluating the charge as a whole, which we must do, this charge is sufficient to prevent Byrd from being prejudiced by his co-defendant's similar transaction. See *Howard v. State*, 220 Ga. App. 267, 270 (2) (469 SE2d 396) (1996).

*Judgment affirmed. Ruffin, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED FEBRUARY 16, 1999 — 

*C. Jackson Burch*, for appellant.
*Spencer Lawton, Jr., District Attorney, Ann M. Elmore, Assistant District Attorney*, for appellee.