## S03G0734. STEWART v. THE STATE.
(587 SE2d 602)

THOMPSON, Justice.

Defendant James Stewart, Jr., was convicted of aggravated battery, two counts of rape, attempted rape, kidnapping with bodily injury, aggravated sodomy, and two counts of aggravated assault, in connection with three separate attacks upon three women. On appeal, he asserted, inter alia, that the trial court erred in denying his motion to sever the cases for trial. The Court of Appeals affirmed. *Stewart v. State*, 259 Ga. App. 117 (576 SE2d 93) (2003). With regard to the denial of the motion to sever, the court found no abuse of discretion because "even if the three cases had been severed, each would have been admissible in the other cases as evidence of a similar transaction." Id. at 122. We granted a writ of certiorari to the Court of Appeals and posed this question:

> Whether the Court of Appeals properly held that, because evidence of the rapes of any one of the three victims would have been admissible in the other cases as evidence of a similar transaction, the trial court did not abuse its discretion in denying Stewart's motion to sever. Compare *Noble v. State*, 275 Ga. 635 (2) (570 SE2d 296) (2002), with *Carter v. State*, 261 Ga. 344 (1) (404 SE2d 432) (1991).

In *Dingler v. State*, 233 Ga. 462 (211 SE2d 752) (1975), the Court of Appeals asked whether severance is mandatory upon motion of defendant when two or more crimes of the same general nature are committed against different persons, at different times and places, and are charged in separate counts of an indictment. This Court answered affirmatively, noting that "[t]he right of severance where the offenses are joined solely on the ground that they are of the same or similar character is 'because of the great risk of prejudice from a joint disposition of unrelated charges.'" Id. at 464. In so doing, this Court adopted the ABA Standards on Joinder of Offenses which provide:

(a) Whenever two or more offenses have been joined for trial solely on the ground that they are of the same or similar character, the defendant shall have a right to a severance of the offenses. (b) The court, on application of the prosecuting attorney, or on application of the defendant other than under subsection (a), should grant a severance of offenses whenever: (i) if before trial, it is deemed appropriate to promote a fair determination of the defendant's guilt or innocence of each offense; or (ii) if during trial upon consent of the defendant, it is deemed necessary to achieve a fair determination of the defendant's guilt or innocence of each offense. The court should consider whether in view of the number of offenses charged and the complexity of the evidence to be offered, the trier of fact will be able to distinguish the evidence and apply the law intelligently as to each offense.

Id. at 463-464. Under these Standards, a trial court must first determine whether the offenses are joined solely because they are of the same or similar character. If they are, severance is mandatory. If they are not, the court must then decide whether severance would promote a just determination of guilt or innocence as to each offense. *Terry v. State*, 259 Ga. 165, 167 (1) (377 SE2d 837) (1989); *Dingler v. State*, supra. We explain more fully as follows:

If the charges are joined solely because they are of the same or similar character, a defendant has an absolute right to sever. *Bland v. State*, 264 Ga. 610, 611 (449 SE2d 116) (1994); *Carter v. State*, 261 Ga. 344 (1) (404 SE2d 432) (1991). See also *Booker v. State*, 231 Ga. 598 (203 SE2d 194) (1974). But that is not to say that severance will not lie when offenses are *not* joined solely because they are of the same or similar character. In that circumstance, severance may still be appropriate, although not mandated, because the trial court must determine whether the trier of fact will be able to fairly and intelligently judge each offense. *Terry v. State*, supra; *Bland v. State*, supra. The court is vested with discretion in this matter, and in the exercise of that discretion it must balance the interest of the defendant with the interest of the State. Id.; *Jarrell v. State*, 234 Ga. 410, 413 (216 SE2d 258) (1975). In so doing, a trial court must look to the number and complexity of the offenses charged and determine whether a trier of fact can parse the evidence and apply the law with regard to each charge. *Coats v. State*, 234 Ga. 659, 662 (217 SE2d 260) (1975). If the trier of fact cannot do so fairly and intelligently, severance would be in order. See *Bland v. State*, supra (trial court should sever if it would promote a fair determination of guilt or innocence as to each offense); *Dingler v. State*, supra at 463 (severance may be appro-

priate where joinder of offenses unfairly burdens defendant due to confusion of law and evidence and " 'smear' effect such confusion can produce").

In this case, the Court of Appeals held that severance was not required because the offenses were sufficiently similar so that evidence of one offense would be admissible in a trial of the other offenses if they were to be tried separately. *Stewart v. State*, 259 Ga. App. 117, 122, supra. Ample authority can be found to support the Court of Appeals' holding in that regard. See, e.g., *Johnson v. State*, 257 Ga. 731, 733 (363 SE2d 540) (1988); *Catchings v. State*, 256 Ga. 241, 243 (4) (347 SE2d 572) (1986); *Houston v. State*, 242 Ga. App. 300, 302 (529 SE2d 431) (2000); *Rocha v. State*, 234 Ga. App. 48, 53 (506 SE2d 192) (1998); *Redding v. State*, 219 Ga. App. 182, 184 (3) (464 SE2d 824) (1995); *Weaver v. State*, 206 Ga. App. 560 (1) (426 SE2d 41) (1992). Those cases are premised on the notion that offenses have not been joined *solely* because they are of the same or similar character when evidence of one offense can be admitted upon the trial of another, i.e., when they are so strikingly similar as to evidence a common motive, plan, scheme or bent of mind. *Noble v. State*, 275 Ga. 635, 636 (2), supra; *Johnson v. State*, supra at 732; *Carroll v. State*, 199 Ga. App. 8, 9 (403 SE2d 875) (1991). We adhere to that notion, but only insofar as it means that severance is not *mandatory* when evidence of one offense is admissible upon the trial of another offense. See *Bland v. State*, supra; *Carroll v. State*, supra. The fact that evidence of one offense would be admissible in a trial of another offense is a relevant consideration in determining whether to sever, *Bland v. State*, supra, but it does not end the inquiry. A trial court must still determine if severance of the offenses would promote a fair determination of guilt or innocence as to each offense. Id.

Here, the Court of Appeals found that the charges against Stewart were sufficiently similar so that evidence of each charge would have been admissible in a trial of the other charges. Based solely upon that finding, the court concluded that the trial court did not abuse its discretion in denying a motion to sever. Thus, the court only addressed part (a) of the ABA Standards on Joinder of Offenses; it failed to address part (b), i.e., whether a trier of fact would have been able to fairly and intelligently assess guilt or innocence as to each charge. See *Dingler v. State*, supra. Accordingly, we vacate the judgment of the Court of Appeals and remand this case for further consideration of the severance issue.

*Judgment vacated and case remanded. All the Justices concur.*

DECIDED SEPTEMBER 22, 2003.

*Martin G. Hilliard*, for appellant.
*Spencer Lawton, Jr., District Attorney, Nancy G. Smith, Assistant District Attorney*, for appellee.