## S02A1102. HUBBARD v. THE STATE.
### (571 SE2d 351)

SEARS, Presiding Justice.

Appellant Darrick Hubbard appeals his convictions for murder and related crimes, resulting in a life sentence.[1] Finding that the crimes charged against appellant were all part of a continuing course of conduct that occurred over the same period of time, we conclude that the trial court properly denied appellant's motion to sever. Therefore, we affirm.

---

[24] See *Columbus v. State*, 270 Ga. 658, 661-662 (513 SE2d 498) (1999); *Goodwin v. Cruz-Padillo*, 265 Ga. 614, 615 (458 SE2d 623) (1995).

[1] The crimes occurred on October 18 and 19, 1997. Appellant and co-defendant Strozier were indicted on August 24, 1999. After trial held on October 20-26, 1999, appellant was found guilty of malice murder, felony murder, six counts of aggravated assault, and two counts of illegal firearm possession. Appellant was sentenced to life imprisonment for malice murder; two consecutive ten year terms for two aggravated assault convictions; one concurrent ten year term for an aggravated assault conviction; two consecutive five year terms for two aggravated assault convictions; and two consecutive five year terms for the two firearm possession convictions. The felony murder conviction was vacated by operation of law and one aggravated assault conviction was merged by operation of fact. The trial transcript was certified on May 25, 2000. Appellant's new trial motion, which was filed on October 28, 1999, was denied on February 13, 2002. The notice of appeal was filed on March 12, 2002, the appeal was docketed on April 9, 2002, and submitted for decision without oral argument on June 3, 2002.

The evidence shows that one night in October 1997, appellant and his accomplices Strozier and Barry, all of whom were armed, burst into the home of Derek Jones and Melody Bonner. Appellant demanded money and threatened to kill everyone present. Money was taken from Kevin Reed, one of those in the apartment. When Derek Jones escaped through a window, Strozier, at appellant's direction, chased him and shot him in the arm. Strozier then attempted to shoot John Reed, but the gun jammed. Appellant and his accomplices then left the apartment. Approximately five hours later, appellant, Strozier, Barry, and another man named "Unc," all of whom were armed, arrived at a crack house occupied by Charles Spikes, Katrina Gemes, and Dianne Mitchell. Appellant ordered that Gemes be tied up, and then pistol whipped her. In exchange for promised drugs, Dianne Mitchell had sex with Barry and "Unc" in a bedroom. Appellant then shot and killed Mitchell.

1. The evidence of record, construed most favorably to the jury's verdicts, was sufficient to enable rational triers of fact to find appellant guilty of the crimes for which he was convicted.[2]

2. Contrary to appellant's argument, the trial court did not err in denying his motion to sever trial of the crimes that occurred at the Jones-Bonner apartment from those that occurred at the crack house. An "absolute right to severance exists only where offenses have been joined solely because they are of the same or similar character."[3] Where, however, separate crimes are shown to have been part of a single series of connected acts, the decision whether to sever lies within the trial court's sound discretion.[4] Severance is generally not warranted where the crimes charged occurred over the same period of time and stem from a course of continuing conduct.[5]

In this case, the crimes at the apartment and the crimes at the crack house were committed on the same night, within one mile of each other, and in the same neighborhood. Furthermore, the same guns were involved in all the crimes and the same three assailants committed the crimes. The two sets of crimes were also similar in nature, as all of the victims were battered with firearms, threatened with bodily harm and death, and fired upon with guns. Although there were several victims, the crimes against them occurred mere hours apart, in the same general area, and in the same manner. Accordingly, we conclude that the offenses were part of a continuing course of conduct and were all part of a single "crime spree." The trial

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[3] *Bland v. State*, 264 Ga. 610, 611 (449 SE2d 116) (1994).
[4] Id.; *Coats v. State*, 234 Ga. 659, 662 (217 SE2d 260) (1975).
[5] *Thornton v. State*, 264 Ga. 563, 573 (449 SE2d 98) (1994).

court, therefore, did not err in refusing to sever.[6]
*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 15, 2002.

*Mary Erickson*, for appellant.
*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Elizabeth A. Baker, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Jennifer S. Gill, Assistant Attorney General*, for appellee.

---

[6] See *Stewart v. State*, 239 Ga. 588, 589 (238 SE2d 540) (1977); *Moore v. State*, 246 Ga. App. 163, 165 (539 SE2d 851) (2000).