S04A1970. DAVIS v. THE STATE.
(608 SE2d 628)

FLETCHER, Chief Justice.

A jury convicted Brian Keith Davis of malice murder, aggravated assault, possession of a sawed-off shotgun, and possession of a firearm during the commission of a felony in connection with two shooting sprees in which several people were injured and Darryl Gant and Julian Oliver were killed.[1] Davis appeals contending that the

---

[1] The crimes occurred September 18 and 19, 1993. A grand jury indicted Davis on September 14, 1994 for two counts of malice murder, two counts of felony murder, eight counts of aggravated assault, two counts of possession of a sawed-off shotgun, and six counts of possession of a firearm during the commission of a crime. Following a jury trial, Davis was found guilty on June 2, 1995 of all counts except three counts of aggravated assault and one count of

trial court erred in its instructions to the jury. Because it is highly probable that the erroneous charge did not contribute to the judgment, we affirm.

The evidence at trial showed that several of Davis's acquaintances were driving around when they saw a man known as "Fat Darryl" with whom Davis had a quarrel. The acquaintances then went to find Davis and told him they knew where Fat Darryl was. Davis took a sawed-off shotgun, a trench coat, and a mask, joined the others in the car, and they drove back to where Fat Darryl had been seen. Fat Darryl had left the area, but several other people were sitting around doing drugs. Davis directed that the car be stopped, got out of the car and told everyone to lie down and "give it up." Darryl Gant did not obey and Davis shot and killed him. John Cowan tried to run, and Davis shot him in the leg.

The next night, September 19, 1993, Davis and some other acquaintances decided to ambush "Rico," because they were angry that Rico had been coming to their neighborhood and starting trouble. The perpetrators hid in the bushes and waited until Rico's car arrived. When they saw the car pull up, Davis and another man began running toward the car and shooting. Julian Oliver was killed and two others were wounded.

1. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that any rational trier of fact could have found Davis guilty beyond a reasonable doubt of the crimes for which he was convicted.[2]

2. Davis contends the trial court erred in charging the jury that "if a person uses a deadly weapon in the manner in which the weapon is ordinarily used and thereby causes the death of a human being, the jury may infer the intent to kill." This Court disapproved of this charge in *Harris v. State*.[3] Though erroneous, the charge may be harmless where the evidence of malice is overwhelming.[4] The record in this case demonstrates that there was overwhelming evidence of

---

possession of a sawed-off shotgun. The trial court sentenced Davis to consecutive life sentences for the malice murder counts, concurrent twenty-year terms for four counts of aggravated assault (one count of aggravated assault was merged), four five-year terms for possession of a gun in the commission of the aggravated assaults, with each term to run consecutive to the predicate felony, but concurrently with all other sentences, and a concurrent five-year sentence on the possession of a sawed-off shotgun count. The felony murder counts were vacated as a matter of law. Trial counsel filed a timely motion for new trial, but then withdrew as counsel. Ultimately, appellate counsel was appointed in 2003 and filed an amended motion for new trial. The trial court denied the motion on June 7, 2004. Davis filed a notice of appeal in this Court on June 11, 2004, and the case was docketed on August 4, 2004. The case was orally argued on November 16, 2004.

[2] *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979).

[3] 273 Ga. 608 (543 SE2d 716) (2001).

[4] *Stockford v. State*, 276 Ga. 241 (575 SE2d 889) (2003).

malice, and therefore, we conclude that it is highly probable that the improper *Harris* charge did not contribute to the verdict.

3. Davis also contends that the trial court erred in not severing the counts based on the dates the crimes occurred. Davis contends that the crimes committed on separate days were joined solely because they were of a same or similar character, and, therefore, severance was mandatory.[5] However, during the pre-trial hearing on the motion to sever, the State explained that it expected the evidence to show that the crimes were part of a continuing crime spree connected to Davis's drug-dealing. Therefore, severance was not mandatory.[6] The trial court properly considered the relevant factors in determining whether severance would promote a fair determination of guilt or innocence as to each offense, and did not abuse its discretion in denying severance.[7]

4. Upon request of the Court, the parties have addressed in supplemental briefs the propriety of Davis's multiple convictions for possession of a firearm in the commission of a crime under *State v. Marlowe*.[8] Because the record reveals that the possession charges were predicated on crimes against different victims, the multiple convictions are proper.[9]

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 7, 2005.

*Zipperer, Lorberbaum & Beauvais, Alex L. Zipperer, Eric R. Gotwalt*, for appellant.

*Spencer Lawton, Jr., District Attorney, Ann McNellis Elmore, Assistant District Attorney, Thurbert E. Baker, Attorney General, Robin J. Leigh, Assistant Attorney General*, for appellee.

---

[5] *Dingler v. State*, 233 Ga. 462, 464 (211 SE2d 752) (1975).

[6] *Hubbard v. State*, 275 Ga. 610, 611 (571 SE2d 351) (2002).

[7] *Stewart v. State*, 277 Ga. 138, 140 (587 SE2d 602) (2003).

[8] 277 Ga. 383 (589 SE2d 69) (2003).

[9] Id. at 386.