**FIRST DIVISION**
**BARNES, P. J.,**
**BROWN and HODGES, JJ.**

**NOTICE:** Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**June 28, 2022**

# In the Court of Appeals of Georgia

A22A0299. JOHNSON v. THE STATE.

HODGES, Judge.

Following a jury trial, the Superior Court of Richmond County entered a judgment of conviction against James Jakar Johnson on three counts of robbery by force, two counts of robbery, and one count of criminal attempt to commit robbery. Johnson appeals from the trial court's denial of his motion for new trial as amended, arguing that the trial court erred in denying his motion to sever the charges and in failing to give a jury instruction on the lesser included offense of theft by taking. Although the trial court correctly rejected Johnson's request for a jury instruction on the lesser included offense, we agree that the trial court erred in denying Johnson's motion to sever. Therefore, we reverse Johnson's convictions.

Viewed in a light most favorable to the verdict,[1] the evidence adduced at trial revealed that Johnson was involved in three separate crimes spanning thirteen months:

(a) *July 22, 2016 Incident*. The victim, his sister, and her friend walked to a convenience store on Ira Road in Richmond County to purchase cigarettes. As they walked home, two young men confronted them. Without saying anything, one of the men struck the victim's face, pushed him to the ground, and stole his cell phone. After taking the victim's cell phone, the attacker said, "that way [you] couldn't call the police." The victim identified Johnson as his assailant.

(b) *November 17, 2016 Incident*. Some four months later, A. T. B., his brother T. B., and their friend W. N. decided to go running to help W. N. lose weight for wrestling, and their run took them through the Parkwood Drive area of Richmond County. As they started the return leg of their run, the trio noticed five people following them. A. T. B. telephoned his father and asked him to come and pick up the trio because he thought "something bad's fixing to happen." As soon as A. T. B. ended the call, the five people surrounded the trio. One of the five men told the trio

---

[1] See, e.g., *Albright v. State*, 354 Ga. App. 538, 539 (841 SE2d 171) (2020). Johnson does not contest the sufficiency of the evidence.

to "take everything out of [their] pockets and give it to them or they was gonna pull a fire." The man took A. T. B.'s necklace, and A. T. B. gave the man his cell phone. One of the other assailants took T. B.'s cell phone and wallet. Each of the victims identified Johnson as the man who threatened the trio and who took A. T. B.'s cell phone and necklace because they recognized him from attending school together. W. N. placed his cell phone inside his boxer shorts and dared the five to "come get it." A brawl ensued, during which A. T. B. sustained bruised ribs and a concussion.

(c) *August 20, 2017 Incident*. Nine months later, C. H. and D. B. went to visit two girls on Redd Drive in Richmond County. As C. H. sat on the back of his car scrolling through his cell phone, the girls emerged from a nearby house. Shortly thereafter, two young men approached the group from the same house and started talking to the group. But as the two young men became increasingly aggressive, C. H. and D. B. attempted to leave the scene. One of the young men said, "no, y'all ain't going nowhere. . . . [T]his is a stick up." The other young man — Johnson — then grabbed a chain from C. H., and the two started fighting. Johnson ended up taking C. H.'s chain and his cell phone.[2] C. H. identified Johnson as his attacker from a photographic lineup and from social media.

_____

[2] Meanwhile, the other man struck D. B., and the two began fighting.

Following his conviction and the denial of his motion for new trial as amended, Johnson appeals.

1. In his first enumeration of error, Johnson contends that the trial court erred in denying his motion to sever because the three offenses spanned a time frame of thirteen months and were committed against different victims. The State concedes that "there is no credible argument to be made that the prosecution . . . sought to join [Johnson's] cases for a proper reason other than the similar character of the crimes. . . ." After our own independent review,[3] we agree that the trial court erred in denying Johnson's motion to sever. As a result, for the following reasons, we reverse Johnson's convictions.

According to the parties, Johnson originally faced three separate indictments based upon the dates of the crimes: July 22, 2016, November 17, 2016, and August 20, 2017. In August 2018, the State re-indicted Johnson for each of the crimes and combined the charges in a single indictment. Johnson moved to sever the charges, arguing that the charges were unrelated by date or a factual basis; were not "based on

_____

[3] "[W]e are not bound by the State's concession as it is for this Court to determine whether [Johnson] is legally entitled to a new trial." (Citation and punctuation omitted.) *Lanham v. State*, 345 Ga. App. 657, 663 (1) (d), n. 4 (813 SE2d 184) (2018), citing *Tiller v. State*, 314 Ga. App. 472, 474 (3), n. 2 (724 SE2d 397) (2012).

4

the same conduct or a series of acts connected together or constituting parts of a single scheme or plan[;]" and that including all of the charges together would "serve no other purpose than that of improperly bringing [Johnson's] character into evidence." After a hearing, the trial court denied Johnson's motion to sever without explanation.[4]

> Georgia law provides that
>
> [w]hen two or more crimes of the same general nature are committed against different persons, at different times and places, and are charged in separate counts of an indictment, severance is mandatory upon the defendant's motion if the crimes are joined *solely* because they are of the same or similar character.

(Citation omitted; emphasis in original.) *Willis v. State*, 316 Ga. App. 258, 262 (3) (728 SE2d 857) (2012); see also *Dingler v. State*, 233 Ga. 462, 463-464 (211 SE2d 752) (1975). However,

---

[4] Although the trial court's order referenced "a full hearing on the matter," the record does not contain a transcript of a hearing on Johnson's motion to sever. Immediately prior to trial, Johnson's counsel asked "to continue [his] objection to the Court's dismissal of [his] motion to sever the case." Johnson's counsel also referenced having made the arguments before trial. Neither party has moved to supplement the record on appeal to include any pretrial transcript addressing Johnson's motion to sever.

[i]f the offenses are not joined solely because they are of the same or similar character, and evidence of one charged offense would be admissible as a similar transaction during trial on another charged offense, the trial court is vested with discretion in deciding whether to grant a motion to sever. In making this decision, the court must consider the number of offenses charged, the complexity of the charges, and the complexity of the evidence and determine whether the jury will be able to fairly and intelligently parse the evidence and apply the law with regard to each charge.

(Citation omitted.) *Willis*, 316 Ga. App. at 262-263 (3). "We review a trial court's denial of a motion to sever the trial of separate charges for an abuse of discretion[.]" and, to that end, we have held that "the trial court does not abuse its discretion by denying a motion to sever if the evidence of one offense would be admissible as a similar act in the trial of the other offense." (Citations and punctuation omitted.) *Love v. State*, 349 Ga. App. 741, 744 (2) (824 SE2d 745) (2019); see also *Algren v. State*, 330 Ga. App. 1, 3 (1) (764 SE2d 611) (2014) (finding that "offenses have not been joined *solely* because they are of the same or similar character when the evidence of one offense can be admitted as similar transaction evidence during the trial of the other offense and severance is not mandatory in such a case") (citations and punctuation omitted; emphasis in original).

In this case, the record does not support any conclusion other than that Johnson's charges were "joined *solely* because they are of the same or similar character[,]" a point the State now concedes. (Citation omitted; emphasis in original.) *Willis*, 316 Ga. App. at 262 (3). At the outset, the record does not contain a written response by the State to Johnson's motion to sever or a transcript of any hearing on Johnson's motion, either of which might have explained the State's theory for combining Johnson's charges. Moreover, the trial court's order denying Johnson's motion, which was prepared by the State, does not contain any legal analysis of Johnson's motion or an explanation of its reasoning for denying the motion. In addition, neither opening statements nor closing arguments were transcribed, during which the State could have shown how the crimes were connected or part of a common plan or scheme. Nor did the State file a written response to Johnson's motion for new trial as amended.

Finally, Johnson's convictions are not rescued by the trial court's order denying Johnson's motion for new trial — again, prepared by the State — in which it stated that "severance is not warranted where the crimes charged stem from a course of continuing conduct," citing *Hubbard v. State*, 275 Ga. 610, 611-612 (2) (571 SE2d 351) (2002). Of note, the trial court's application of *Hubbard* was erroneous. In

7

*Hubbard*, our Supreme Court affirmed the trial court's denial of a defendant's motion to sever. However, the Court observed that the defendant's crimes were committed "mere hours apart" on the same night.[5] Id. at 611 (2). Compare *Fielding v. State*, 299 Ga. App. 341, 343 (1) (682 SE2d 675) (2009) (holding that trial court did not abuse discretion in denying motion to sever, in part, because six commercial thefts occurred in the same county in a three-week span) and *Brown v. State*, 230 Ga. App. 190, 193 (1) (495 SE2d 858) (1998) (finding that "the 11-month separation and the lack of other factors showing a common scheme or plan compel the conclusion that the counts should have been severed"). Here, even though Johnson's crimes bore some similarities to each other, they lacked any connection to each other and spanned the course of thirteen months. See *Brown*, 230 Ga. App. at 193 (1).

In short, at no point in the record did the State indicate that Johnson's charges were joined for any reason other than that they were similar. The State now concedes

---

[5] The legal principles governing severance are succinctly stated in *Hubbard*. 275 Ga. at 611 (2) ("An absolute right to severance exists only where offenses have been joined solely because they are of the same or similar character. Where, however, separate crimes are shown to have been part of a single series of connected acts, the decision whether to sever lies within the trial court's sound discretion. Severance is generally not warranted where the crimes charged occurred over the same period of time and stem from a course of continuing conduct.") (citations and punctuation omitted). Rather, it is the trial court's application of those principles to the facts of this case that is problematic.

that it did not join the charges for any other reason, and we have found nothing in the record to the contrary. As a result, in the absence of any such reason, coupled with the trial court's misapplication of *Hubbard*, we conclude that the trial court erred because, under like circumstances, severance is mandatory upon the defendant's motion.[6] See *Dingler*, 233 Ga. at 463-464; *Willis*, 316 Ga. App. at 262 (3); *Brown*, 230 Ga. App. at 192 (1). Accordingly, Johnson's convictions must be reversed. Because the evidence was sufficient to support Johnson's convictions, the State may elect to retry him. See generally *Holt v. State*, 352 Ga. App. 504, 511 (2) (835 SE2d 336) (2019).

---

[6] Unlike other cases where the trial court denied a motion to sever, in which partial acquittals suggested that the jury was able to independently evaluate multiple counts, the jury in this case returned guilty verdicts against Johnson on each count of the indictment. See generally *Heard v. State*, 287 Ga. 554, 559 (4) (697 SE2d 811) (2010) (finding that there was "no evidence in this case that the combined trial of the charges confused or misled the jury, and the verdict itself, including [defendant's] acquittal for some of the charges, shows that the jury fully understood the law and evidence") (citation and punctuation omitted); *Cartledge v. State*, 285 Ga. App. 145, 147 (2) (645 SE2d 633) (2007) (affirming trial court's denial of defendant's motion to sever because, in part,"the jury failed to convict [the defendant] of six of fourteen charges alleged against him, indicating an ability to decide each charge separately"); *Jordan v. State*, 281 Ga. App. 419, 424 (2) (636 SE2d 151) (2006) (affirming trial court's denial of motion to sever because, in part, "the jury acquitted [the defendant] of kidnapping with bodily injury and aggravated assault of [the victim], indicating the ability to decide each case separately").

2. Johnson next contends that the trial court erred in rejecting his proposed jury instruction on the lesser included offense of theft by taking. Because this issue could arise in a retrial, we address Johnson's argument and conclude that the trial court did not err in declining to give Johnson's proposed instruction.

Johnson's written requests to charge included a proposed instruction on the definition of theft by taking. See OCGA § 16-8-2. During the charge conference, the State objected to the proposed instruction, arguing that no evidence had been introduced to support a charge for a lesser included offense. Johnson's counsel responded that "there were items removed. That may be a jury issue as to what constituted the behavior that led to those items being removed." The trial court declined to give the proposed instruction.

We are not persuaded by Johnson's argument. Our law provides that

[t]he complete rule with regard to giving a defendant's requested charge on a lesser included offense is: where the state's evidence establishes all of the elements of an offense and there is no evidence raising the lesser offense, there is no error in failing to give a charge on the lesser offense. Where a case contains some evidence, no matter how slight, that shows that the defendant committed a lesser offense, then the court should charge the jury on that offense.

10

(Citation omitted.) *Wright v. State*, 319 Ga. App. 723, 732 (4) (738 SE2d 310) (2013). The sole reference Johnson cites in support of his argument is a single question during an exchange with W. N., a witness to the November 17, 2016 robbery. After W. N. testified that a group of five assailants encircled and began fighting with the three victims, the following exchange occurred:

> Q:     Okay. And when that happened was that, kind of, coinciding or
>
> about the same time as they were taking the items?
>
> A:     Yes.

At best, then, the exchange establishes that the attack and the theft occurred simultaneously, rather than the attack occurring after the theft was completed as Johnson argues. There being no evidence warranting an instruction on the lesser included offense of theft by taking, the trial court correctly declined Johnson's request. See generally *Wright*, 319 Ga. App. at 732 (4).

In sum, the record indicates that Johnson's charges were "joined *solely* because they are of the same or similar character." (Citation omitted; emphasis in original.) *Willis*, 316 Ga. App. at 262 (3). Because severance of Johnson's charges was mandatory, we conclude that the trial court erred in denying Johnson's motion to

11

sever. Therefore, we reverse Johnson's convictions. To the extent the State elects to retry Johnson, we further conclude that the trial court did not err in declining to give Johnson's proposed instruction on the lesser included offense of theft by taking.

*Judgment affirmed in part and reversed in part. Barnes, P. J., and Brown, J., concur.*